393 So.2d 285 (1980)
Katie Hodges WING
v.
Frances W. WING.
No. 14007.
Court of Appeal of Louisiana, First Circuit.
November 10, 1980.
Clinton Hyatt, Jr., Baton Rouge, for relator.
William G. Whatley, Baton Rouge, for respondent.
Before ELLIS, COLE and WATKINS, JJ.
WATKINS, Judge.
This matter arises out of a custody proceeding filed by the father, Frances W. Wing, seeking custody of his child from the mother, Katie Hodges Wing.
During the course of the proceeding, Frances W. Wing (who refers to himself as defendant, but who is actually plaintiff in the rule for custody), plaintiff, filed a request for the Production of Documents under the Code of Civil Procedure, requesting that Katie Hodges Wing (hereinafter called defendant) produce for inspecting and copying all records of the Southeast Louisiana Hospital at Mandeville, and of Dr. Theodore Denton of Fall River, MA., and of Dr. Noel Olson of Fall River, MA., relative to defendant's mental condition and treatment. In addition the request sought from defendant the production "in original form" of a medical authorization allowing plaintiff to examine all hospital records, both in-patient and out-patient, and to obtain copies of such records, and to discuss defendant's condition and treatment with any physician who has treated and examined her.
Defendant responded to the request for production by declaring that none of the requested records were in her possession and she was, therefore, unable to produce them.
Defendant objected to the request for production of a medical authorization signed by her which would authorize the plaintiff to obtain any medical records or information relative to her past treatment.
The defendant further responded to the request for production by filing a Motion for Protective Order that asserted the doctor/patient privilege and prayed for an order *286 of court limiting the defendant's pursuit of discovery relative to her physical and mental condition to those matters permitted by LSA-C.C.P. art. 1464.
After hearing, the trial court denied defendant's motion for a protective order, and ordered the defendant to produce the documents requested by plaintiff. Defendant, Katie Hodges Wing, applied to this court for supervisory writs, directing the trial judge to grant the protective order as prayed for by her. We issued alternative writs ordering the trial judge to grant the protective order, or that the record be sent up for review. The alternative has been elected, and we now have the record for decision.
Defendant contends that the order of the trial court directing her to produce the records and medical authorization is violative of LSA-R.S. 13:3734 which provides for privileged communication between a health care provider and patient. The statute provides in pertinent part:
"B. Except as hereinafter provided, in civil cases, proceedings before a medical review panel, pursuant to R.S. 40:1299.47 and in medical and dental arbitration proceedings, pursuant to R.S. 9:4230-4236, and in proceedings and investigation preliminary to all such actions, a patient or his authorized representative, has a privilege to refuse to disclose and to prevent a health care provider from disclosing any communication, wherever made, relating to any fact, statement or opinion which was necessary to enable that health care provider or any other health care provider to diagnose, treat, prescribe, or act for the patient.
"C. There shall be no privilege for any communication under this Section where:
(1) Either before or after probate, upon the contest of any will executed, or claimed to have been executed, by such patient, or after the death of such patient, in any action involving the validity of any instrument executed, or claimed to have been executed by him, conveying or transferring any immovable or movable property, any health care provider who has attended said patient may disclose any communication regarding the patient which was necessary to enable him to diagnose, treat, prescribe or to act for such deceased.
(2) After the death of the patient, the executor of his will, or the administrator of his estate, or the surviving spouse of the deceased, or if there be no surviving spouse, the children of the deceased personally, or if minors, by their representative, may give consent, in any action or proceeding brought to recover damages on account of the death of the patient, to permit any health care provider who may have attended said patient at any time to disclose any communication regarding said patient which was necessary to enable him to diagnose, treat, prescribe or act for such deceased.
(3) If any person brings an action to recover damages, in tort or for workmen's compensation under federal or state laws, for personal injuries, such action shall be deemed to constitute a consent by the person bringing such action that any health care provider who has attended such person at any time may disclose any communication which was necessary to enable him to diagnose, treat, prescribe or act for said patient.
(4) The bringing of an action, to recover for the death of a patient, by the executor of his will, or by the administrator of his estate, or by the surviving spouse, or if there be no surviving spouse, by the children personally, or, if minors, by their representative, shall constitute a consent by such executor, administrator, surviving spouse, or children or representative to the disclosure of any communication by any health care provider who may have at any time attended said deceased.
(5) If any health care provider reasonably believes in good faith that any legal proceeding enumerated in Paragraphs (3) and (4) under this Subsection, has or may be instituted for or on behalf of said patient, such health care provider may disclose any communication acquired by *287 him which was necessary to enable him to diagnose, treat, prescribe or act for said patient."
The privilege created by the quoted provision is clearly applicable since a child custody case is not one of the exceptions set forth in Section 3734. It follows, therefore, that to require defendant to produce the documents would deny her the right to the statutory physician/patient privilege to which she is entitled under the law.
Accordingly, the writ issued herein is made peremptory, and it is ordered that the judgment of the trial court denying the Protective Order and ordering Katie Hodges Wing to comply with the Request for Production of Documents is reversed and set aside. The trial judge is hereby ordered to grant the Protective Order as prayed for by Katie Hodges Wing.
Costs are assessed against Frances W. Wing.
WRIT MADE PEREMPTORY.