454 So.2d 311 (1984)
Richard M. DAWES
v.
Nancy Zoder DAWES.
No. C-2483.
Court of Appeal of Louisiana, Fourth Circuit.
July 12, 1984.
Writ Denied September 28, 1984.
Franklin V. Endom, Jr. and Robert M. Rosenberg, New Orleans, for relator.
Robert G. Creely, Gretna, for respondent.
Sally A. Shushan, New Orleans, for DePaul Hospital.
Before CIACCIO and BYRNES, JJ., and JULIAN SAMUEL, Judge ad hoc.

WRIT GRANTED AND ORDER VACATED
Plaintiff, Richard Dawes, brought this action seeking to have a prior custody order amended, so as to obtain joint custody of his two minor daughters (ages eight and ten years). In opposing the plaintiff's action, defendant, Nancy Zoder Dawes, caused to be issued subpoenas duces tecum for the production of prescription records and hospitalization records of the plaintiff, from DePaul and Oschner Hospitals. The plaintiff moved to quash the subpoenas on the basis that the information sought was privileged. The trial court granted the defendant's *312 motion to quash the subpoenas and the plaintiff sought supervisory writs from that ruling.
There are three issues presented for our consideration: (1) Is the information which is sought by the defendant protected by the plaintiff's doctor/patient privilege? (2) Did the subsequent enactment of the joint custody provision of C.C. Art. 146 create an additional exception to the doctor/patient privilege? (3) If no new exception has been created, did the plaintiff waive the privilege?
The doctor/patient privilege is provided for by statute, which reads, in pertinent part:
R.S. 13:3734: Privileged communication health care provider and patient
A. As used in this Part:
(1) "Health care provider" means a hospital, as defined in Paragraph (3) hereof, and means a person, corporation, facility or institution licensed by the state to provide health care or professional services as a physician, hospital, dentist, registered or licensed practical nurse, pharmacist, optometrist, podiatrist, chiropractor, physical therapist or psychologist, and/or an officer, employee or agent thereof acting in the course and scope of his employment.
(2) "Patient" means a natural person who receives health care from a licensed health care provider.
(3) "Hospital" means any hospital as defined in R.S. 40:2102; any "Nursing home" or "home" as defined in R.S. 40:2009.2; or any health care provider's offices or clinics containing facilities for the examination, diagnosis, treatment or care of human illness.
(4) "Representative" means the spouse, parent, tutor, curator, trustee, attorney or other legal agent of the patient.
(5) "Communication" means the acquiring, recording or transmittal, of any information, in any manner whatsoever, concerning any facts, opinions or statements necessary to enable the health care provider to diagnose, treat, prescribe or to act for the patients; said communications may include, but are not limited to any and all medical records, office records, hospital records, charts, correspondence, memoranda, laboratory tests and results, x-rays, photographs, financial statements, diagnoses and prognoses.
B. Except as hereinafter provided, in civil cases, proceedings before a medical review panel, pursuant to R.S. 40:1299.47 and in medical and dental arbitration proceedings, pursuant to R.S. 9:4230-4236, and in proceedings and investigation preliminary to all such actions, a patient or his authorized representative, has a privilege to refuse to disclose and to prevent a health care provider from disclosing any communication, whereever made, relating to any fact, statement or opinion which was necessary to enable that health care provider or any other health care provider to diagnose, treat, prescribe or act for the patient.

* * * * * *
The hospitalization and prescription records which are maintained at DePaul and Oschner Hospitals appear to fall within the protective confines of this statute. However, we hold that the doctor/patient privileges protected by R.S. 13:3734, et seq., are subject to the additional exception created by the subsequent enactment of the joint custody provisions of C.C. Art. 146 which specifically require the evaluation of the mental and physical health of the parents. The trial court has the power to preserve the confidentiality of this information by the usual methods of sealing the records, taking testimony in chambers, etc. as may be done in this case.
Assuming, arguendo, that no new exception has been created by C.C. Art. 146, and that the records are privileged, has Dr. Dawes waived the doctor/patient privilege which applied to these records, thus making them subject to discovery? This Court is of the opinion that Dr. Dawes did in fact waive the doctor/patient privilege.
*313 In the case of Arsenaux v. Arsenaux, the Louisiana Supreme Court held that a wife who alleged that she was free from fault in a suit for separation did not thereby waive her doctor/patient privilege. 428 So.2d 427 (La.,1983). In Arsenaux, supra, the husband attempted to prove his wife's adultery by showing that she had had an abortion a year before they separated. Additionally, Mr. Arsenaux alleged that he had undergone a vasectomy some time before this incident. In reaching its conclusion, the Court reasoned that the legislature had not delineated separation suits as one of the exceptions to the doctor/patient privilege. R.S. 13:3734. The Court also stated:
Because Ms. Arsenaux's physical condition is not an essential element of her suit, no implied waiver of the privilege should be inferred. Arsenaux v. Arsenaux, supra at 430.
However, in this case we find that the plaintiff's physical and/or mental conditions are essential elements to his action for joint custody. That is, there exists a rebuttable presumption that joint custody is in the best interest of the child. C.C. Art. 146(C). However, the presumption may be rebutted by a showing that it is not in the best interest of the child. C.C. Art. 146(C)(2). In order to make such a showing, evidence may be introduced regarding the fitness of the parent to care for the child, including among other factors, the moral fitness of the parties involved as well as the mental and physical health of the parties. C.C. Art. 146(C)(2)(f) and (g).
Contrary to the allegations of the respondent, these records form part of the best evidence of these issues.
Accordingly, we vacate the order of the trial court which quashed the defendant's subpoenas ducas tecum and we hereby reinstate those subpoenas previously issued.
We also vacate the protective order issued on May 31, 1984.
WRIT GRANTED AND ORDER VACATED.