SCHOTT, Judge.
We granted certiorari in order to consider the validity of a ruling of the trial court which denied relators’ motion for a protective order prohibiting the dissemination of certain discovery materials. The threshold issue is whether freedom of expression as guaranteed by the First Amendment to the United States Constitution confers any right on respondent and an intervening newspaper publisher (hereinafter sometimes collectively referred to as “respondents”) to disseminate to the public at this stage of these proceedings the information being produced by relator, Delta Development Company, Inc., in compliance with discovery requirements. Next, assuming that respondents have such a First Amendment right, the issue becomes whether relators’ right to privacy under the federal and state constitutions outweighs freedom of expression on the part of respondents.
This is a suit by respondent, Plaquemines Parish Commission Council, against the children and grandchildren of Leander H. Perez, Sr. along with Delta Development Company, Inc., to recoup from them lands and mineral interests allegedly taken from Plaquemines Parish by Perez, Sr. and his sons, relators, Leander H. Perez, Jr. and Chalin 0. Perez, while they were in positions of high office and authority in the Parish beginning in 1936. The suit also seeks an accounting from the Perez family members for the money they have received over these years in rents and royalties from these allegedly public lands.
From the outset of the litigation respondent has utilized extensive discovery procedures. In January, relators sought a protective order with respect to discovery, but this was denied for the most part. However, the court did limit attendance at depositions to the parties and their attorneys. Despite this limitation information obtained at the depositions was publicized by the news media prompting relators to seek relief from this court in April. We referred the parties back to the trial court for a reconsideration of relators’ motion for a protective order in view of the media’s conduct.
In May the trial court conducted this hearing and also considered a motion by Delta to prohibit any publication of information obtained through discovery. The court reinstated its earlier order limiting attendance at depositions but also fashioned a procedure whereby relators could, in response to discovery, designate specified material as confidential, to be available only to the parties and their attorneys, but not to be disseminated to the public. Under this procedure the court would decide, after a hearing, whether to approve the designation of confidentiality or not.
*969 In June Delta was served with extensive interrogatories and requests for production of documents as to which it designated six answers as confidential. The court disapproved the designation of confidentiality as to records pertaining to Leander H. Perez, Jr., Chalin 0. Perez and their “immediate families” as defined by LSA-R.S. 42:1102(13). These individuals are the wives of Leander and Chalin Perez and their two sisters, Joyce Perez Gelpi and Betty Perez Carrere.
The materials involved are the records of receipts and disbursements by Delta of rents and royalties from the lands respondent claims it owns and unrecorded working interests and donations as to the six individuals. Collectively, the information would disclose exactly how much money each of the individuals has made from these lands over the years.
C.C.P. Art. 1426 provides that a party or other person from whom discovery is sought may obtain a protective order to protect the person from annoyance, embarrassment, oppression, or undue burden. Such a protective order may be fashioned to preserve the confidentiality of the information disclosed. The granting or not of a protective order and the extent of protection extended are within the discretion of the trial court; and the court of appeal will not ordinarily modify or reverse the trial court in such matters absent an abuse of the trial court’s discretion. However, in this case the trial judge made it clear in oral reasons from the bench that he regarded the question as a close one. He indicated that he had studied Seattle Times Company v. Rhinehart, — U.S.-, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984), a case relied upon by relators, and commented on some features of that case which distinguish it from the instant case. On the other hand, he referred to R.S. 38:2213 which requires disclosure by public officials who purchase public lands and the Code of Governmental Ethics, R.S. 42:1101 et seq. and while recognizing that these laws were not yet enacted at the time the lands were allegedly taken the judge seemed to feel that these laws nevertheless applied. However, he made it clear that he had some difficulty reaching a conclusion and expressed the hope that his decision would be reviewed by this court. He stated, “I think that we could use assistance from higher authority, from the appellate courts.” Consistent with this attitude he stayed his own order and preserved confidentiality of the records until this court would dispose of relators’ writ application. Under these circumstances we have no hesitancy about reviewing the trial court’s decision on its merits.
Although there are some distinguishing features of the Seattle Times case, supra, as noted by respondents in their briefs, the Supreme Court unequivocally held that a litigant has no First Amendment right of access to information made available in respose to pre-trial discovery procedures. By the same logic, respondents have no right to this information under the Louisiana Constitution of 1974 whose guaranty of freedom of speech and press in Article 1, Section 7 is no broader that the First Amendment to the United States Constitution. On this basis alone we would conclude that all relators are entitled to the protective order they sought. However, we do not end our discussion here since the possibility exists that a reviewing court may disagree with this threshold conclusion, and hold that respondents do indeed have some constitutional right to publicize the information at this stage.
Citizens of the United States enjoy a right to privacy including an interest in avoiding disclosure of personal matters. Whalen v. Roe, 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977). A Louisiana citizen is guaranteed security “in his ... papers ... against ... invasions of privacy.” Article 1, Section 5, Constitution of 1974. If the instant case were between private citizens it seems clear that these privacy concerns would protect parties from publication of their financial records at this stage of the proceedings. The problem here is that respondent is the Plaquemines Parish *970 governing body and has alleged that these records relate to public lands. Because the case is charged with public interest respondents contend that their constitutional right to freedom of expression overrides any right to privacy relators may have. It is difficult to understand this argument considering the present stage of the litigation. All we have so far are unproved allegations of wrongdoing. Relators filed exceptions to the petition which have not yet been heard. It is possible that the case will never go to trial. If that is so relators’ right to privacy would be lost because of a suit against them having no legal basis.
It seems clear from respondent’s brief that it would justify relators’ loss of privacy at this stage of the proceedings because they are collecting money which belongs to the public and which came from public lands. But this begs the question. For our purposes here we cannot presume that respondent’s allegations are true. The in-tervenor takes the same position. Conceding arguendo that relators’ right to privacy is inalienable, intervenor denies “that there is any substantial basis in federal or state law for the proposition that the Constitution protects the amount of money being paid by oil companies to present and former public officials based on leases of public lands.” [Emphasis supplied] Again this presumes the allegations to be true at a stage when exceptions are still pending and the case may never go to trial.
The position taken by respondent, Council, is difficult to understand. It haá taken to court a claim which involves serious and complex issues and a seemingly enormous amount of money. If the suit is successful the Parish of Plaquemines will reap tremendous benefits. Yet it has sidetracked this effort in favor of trying to publicize this financial information. Publication will not enhance the legal position of the council and the sooner the case goes to trial the closer to publication will the financial records be.
As to the intervenor, we can appreciate and we respect its concern for freedom of expression and its mission of keeping the public informed. However, freedom of expression is not absolute and must sometimes yield to competing interests. By recognizing and preserving relators’ privacy rights at this time and stage of the proceedings we are simply postponing the public’s learning exactly how much money these six individuals have received over these years. We are not persuaded that this temporary limitation on intervenor’s freedom of the press or the public’s right to know is a substantial blow to interve-nor’s rights, and we conclude that it is justified under the circumstances.
Finally, in deference to our esteemed brother on the trial court, we turn to his stated reasons for denying relators’ request for a protective order. He seemed to find some connection between this case and R.S. 38:2213 and the Code of Governmental Ethics, even while noting that these statutes were not enacted until 1977, long after the alleged wrongdoing took place. While deciding that the grandchildren of Perez, Sr. and others were entitled to the protective order, he denied relators’ request— that of Leander, Jr. and Chalin because they were public officials when some of the wrongdoing took place and that of the wives and sisters of the Perez brothers because these ladies are included in the definition of “immediate family” found at R.S. 42:1102(13).
As to the Perez brothers if they used their positions to take public lands and mineral interests, respondent would seemingly have a cause of action for the return of these things under the general law regulating the conduct of a fiduciary. But the statutory basis cannot be a special law or code enacted long after the conduct took place. In any event, our prior conclusions as to relators’ right to privacy at this time applies equally to the six, including these two who were formerly high ranking public officials.
Even if this conclusion were found to be wrong there is still no reason why the wives and sisters should not be extended a protective order. Assuming that the two sisters have been benefiting from their father’s and brothers’ wrongdoings for many years prior to 1977 and the wives from the *971 time of their marriages, there is no suggestion that they had any part in or knowledge of such wrongdoing. Yet a definition from a 1977 act of the legislature was used as a basis to place these ladies in the same class as the Perez brothers. The definition of “immediate family” in the Code of Governmental Ethics is there because the Code itself imposes certain restrictions on the conduct of a public official’s immediate family such as R.S. 42:1112 B’s prohibition against transactions where a member of the official’s immediate family has a substantial economic interest. It cannot serve as a basis for publicizing the financial records of these ladies because of their relationship to the Perez brothers.
Accordingly, the order of the trial court dated June 11, 1984 is amended so that the protective order by relators is granted. Documents produced by Delta Development Co., Inc. in response to plaintiff’s interrogatories 5, 20, 21, and 24 and in response to plaintiff’s requests for Production Nos. 2(c) and 2(d) shall be and remain confidential materials in accordance with the prior protective order of the court dated May 9, 1984. All costs in connection with this writ application are assessed against respondent, Plaquemines Parish Commission Council.
AMENDED.