510 So.2d 1361 (1987)
Charles Keith RICHARD, Plaintiff-Appellant,
v.
Mary Lynne TARZETTI, Defendant-Appellee.
No. 86-725.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1987.
*1362 Donald J. Richard, Opelousas, for plaintiff-appellant.
Ronald L. Monroe, New Orleans, for defendant-appellee.
Before FORET, KNOLL and CULPEPPER[*], JJ.
KNOLL, Judge.
Charles Keith Richard (Richard) appeals the judgment of the trial court ordering him to share joint custody of his son, Chad, with his separated wife, Mary Lynne Tarzetti (Tarzetti). The trial court ruled that there was an insufficient difference between the two parents or between their situations to rebut the presumption of joint custody. Richard contends that the trial court erred: (1) in allowing Tarzetti to invoke the privilege against the disclosure of her medical records for the treatment of drug abuse under 42 U.S.C.A. § 290dd-3 during a hearing to determine custody of their minor child; (2) in refusing to admit evidence of Tarzetti's financial condition to show the severity of her drug addiction; (3) in finding that the presumption in favor of joint custody had not been rebutted; (4) in failing to allow Richard to secure additional evidence that would show Tarzetti's addiction and illegal conduct continued to the hearing date; and, (5) in making an assignment of joint custody when the presumption in favor of joint custody was rebutted. We affirm.

FACTS
Richard and Tarzetti were married on January 21, 1983. At that time Richard was a licensed practical nurse working on certification as a registered nurse, and Tarzetti was a licensed emergency room physician.
On June 23, 1983, a son, nicknamed Chad, was born to Richard and Tarzetti.
Shortly after Chad's birth Tarzetti began abusing prescription drugs, eventually ingesting Percodan at the rate of 20-30 per day. Ultimately she underwent drug treatment and counseling on at least three occasions. In the interim Richard also underwent drug treatment.
Richard initiated separation proceedings on November 27, 1985. A hearing was held on December 18, 1985, to determine custody and, after taking the matter under advisement, on May 8, 1985, the trial court signed a judgment granting joint custody to Richard and Tarzetti.

EVIDENTIARY RULINGS
Richard issued a subpoena duces tecum for the medical records of Tarzetti from her treatment for drug abuse at Parkland Hospital between December 16, 1984, and January 17, 1985. Prior to the custody hearing at issue the attorney for Parkland Hospital opposed the subpoena, arguing that under 42 U.S.C.A. § 290dd-3 these are privileged medical records. Tarzetti joined in Parkland's opposition, contending she had not consented to their release, that her testimony was the best evidence of what was contained in the documents and that there was no compelling public interest which outweighed the confidentiality of the records. At this point the trial court made no ruling on the admissibility of the documents.
*1363 Later, during Richard's direct examination of Tarzetti, counsel for Richard moved to release Parkland's counsel and requested that the medical records be sealed and filed into the record. Counsel for Tarzetti reurged the applicability of the federal regulation and argued that there was no proper foundation laid even for a proffer of the evidence, as proposed by Richard. The trial court denied the admissibility of the evidence, and Richard's proffer.
We find 42 U.S.C.A. § 290dd-3 relied on by Parkland and Tarzetti inapplicable to the case sub judice. That statute is limited to the disclosure of "[r]ecords ... relating to alcoholism or alcohol abuse education, training, treatment, rehabilitation, or research, ..." The record is clear that Tarzetti's treatment was for drug addiction, not alcohol. Furthermore, the statute's privilege extends to activities "which... [are] conducted, regulated, or directly or indirectly assisted by any department or agency of the United States...." In the case before us there is no evidence in the record that Parkland Hospital is directly or indirectly assisted by the federal government.
Arguendo, even if 42 U.S.C.A. § 290dd-3 would be applicable, we conclude that the rationale of Dawes v. Dawes, 454 So.2d 311 (La.App. 4th Cir.1984), writ denied, 457 So.2d 18 (La.1984), mandates that the Parkland records should have been admitted. In Dawes the court stated:
"However, we hold that the doctor/patient privileges protected by R.S. 13:3734, et seq., are subject to the additional exception created by the subsequent enactment of the joint custody provisions of C.C. Art. 146 which specifically require the evaluation of the mental and physical health of the parents. The trial court has the power to preserve the confidentiality of this information by the usual methods of sealing the records, taking testimony in chambers, etc. as may be done in this case.
* * * * * *
[I]n this case we find that the plaintiff's physical and/or mental conditions are essential elements to his action for joint custody. That is, there exists a rebuttable presumption that joint custody is in the best interest of the child. C.C. Art. 146(C). However, the presumption may be rebutted by a showing that it is not in the best interest of the child. C.C. Art. 146(C)(2). In order to make such a showing, evidence may be introduced regarding the fitness of the parent to care for the child, including among other factors, the moral fitness of the parties involved as well as the mental and physical health of the parties. C.C. Art. 146(C)(2)(f) and (g)."
For reasons expressed hereinafter, though we remand this case for the purpose of entering the medical records at issue into evidence, we do not conclude that the ultimate decision of the trial court is incorrect. Tarzetti willingly admitted her participation in treatment programs, her relapses to the use of drugs, as well as times when she abandonded after-care. However, since the best interest of the child is paramount in child custody matters the medical records should, at least, have been examined and sealed in the record by the trial court.
Richard next contends that the trial court erred in not allowing him to question Tarzetti concerning her financial obligations to the Internal Revenue Service for unpaid taxes. Though the trial court initially refused such testimony on the grounds that it exceeded the allegations of the petition, the record reflects other times during the hearing when the information was placed before the court. Therefore we conclude that this issue is now moot.
Lastly, Richard contends that the trial court erred in its decision not to allow the record to remain open for the introduction of additional evidence regarding Tarzetti's recent acquisitions of controlled dangerous substances.
The decision to hold open a case for production of additional evidence is within *1364 the sound discretion of the trial judge and his decision will not be disturbed on appeal unless it was a clear abuse of discretion. Dubea v. State through La. Dept. of Corr., 465 So.2d 245 (La.App. 3rd Cir.1985).
During the custody hearing Richard requested the trial court to issue an instanter subpoena to New Orleans for the production of drugs. At the end of the hearing Richard argued that the note of evidence should be held open because the subpoena would prove Tarzetti purchased drugs between October 16, 1985, and December 13, 1985, and that their production would attack the credibility of Tarzetti's statement that she was drug free since September 15, 1985.
We cannot say the trial court abused its discretion. A copy of the subpoena is not in evidence and there is neither any indication of what drugs were in question, nor whether they were controlled dangerous substances. Therefore we have nothing to negate the trial court's reasoning.

JOINT CUSTODY PRESUMPTION
Richard contends he rebutted the presumption that joint custody is in the best interest of his minor child, Chad, and that the trial court should have awarded him sole custody.
In Turner v. Turner, 455 So.2d 1374 (La.1984), the function of LSA-C.C. Art. 146 was explained:
"The appropriate standard to be applied by the trial court in determining the custody of a child of a dissolved marriage is that of the `best interest of the child.' This standard is repeated throughout article 146, and is the sole criterion to be met in making the award.
The trial judge sits as a sort of fiduciary on behalf of the child, and must pursue actively that course of conduct which will be of the greatest benefit to the child. It is the child's emotional, physical, material and social well-being and health which are the judge's very purpose in child custody cases. He must protect the child from the harsh realities of the parents' often bitter, vengeful, and typically highly emotional conflict. The legislature has mandated that the judge shall look only to the child's interests.
In furtherance of this important goal, the court has been vested with broad and independent powers. It may, for example, order that an investigation be conducted into the home lives of the parties, the psychological health of the child, or into any other factor which the judge deems to be important in his determination of the child's best interest. C.C. 146(C)(3). In this way, the court can fulfill its obligations to the child.
The legislature also established a list of preferred custodial arrangements: to both parents jointly, to either parent, to the person in whose home the child has been living, or to any other person deemed appropriate by the court, C.C. 146(A)(1)-(4), provided that any award to a non-parent can be made only when there has been a finding that continued parental custody would be detrimental to the child. C.C. 146(B). Whatever choice is made by the trial court, the determination must be made in the child's best interest.
The legislature, furthermore, went beyond the mere establishment of a guiding list, and established the rebuttable presumption that joint custody arrangements would be in the child's best interest. C.C. 146(C). This presumption has caused some confusion. Some lower courts seem to believe that the article requires granting joint custody. Such is not the case; the article clearly provides that there is only a presumption in favor of joint custody, and that it may be rebutted upon a proper showing that a different arrangement is in the child's best interest. Such a showing now must include a consideration of eleven specific, enumerated factors, plus any `other factor' which the trial court deems to be relevant. C.C. 146(C)(2)(a)-(l). Article *1365 146 provides further that `the burden of proof that joint custody would not be in the child's best interest shall be on the parent requesting sole custody.' C.C. 146(A)(2). This provision does not create any extraordinary burden on the party requesting sole custody.
As in any matter in which there is a rebuttable presumption, the burden rests with the party challenging the presumption to convince the fact-finder that his proposed conclusion is more correct than the presumed one. A presumption does not have any probative value, but merely provides the fact-finder with a conclusion in the absence of proof to the contrary. See 9 J. Wigmore, Evidence § 249(3) (3d ed.). `Presumptions are indulged to supply the place of facts; they are never allowed against ascertained and established facts. When these appear, presumptions disappear.' Lincoln v. French, 105 U.S. (15 Otto) 614, 617, 26 L.Ed. 1189 (1881).
The article 146 presumption only compels the judge to award joint custody in those cases where other things are equal; or where there is insufficient evidence to rebut the presumption; or whenever neither parent alone would be able to manage a sole custody arrangement, and where it cannot be shown that it would be detrimental to the child to remain in parental custody. Effectively, the presumption only provides the judge with a first choice, which choice must be rejected in the face of evidence which tends to disprove the conclusion. In such a case, it becomes necessary for the other party to reestablish the propriety of the presumption's conclusion.
There is but one element upon which the trial court cannot base its decision. Article 146(A)(2) expressly forbids the judge from `prefer[ring] a parent as the custodian because of that parent's sex.'"
In child custody matters the trial court is afforded wide discretion in determining which arrangement will serve the best interest of the child. Its determination will not be disturbed absent a manifest abuse of discretion. Warner v. Warner, 476 So.2d 1053 (La.App. 3rd Cir.1985), writ denied, 479 So.2d 362 (La.1985).
After carefully reviewing the trial record, we conclude that Richard, the parent requesting sole custody, did not prove by a preponderance of evidence that joint custody would not be in the child's best interest. C.C. Art. 146(A)(2).
The trial court concluded that both parties, each recovering from drug dependency, were equally fit to have custody and therefore joint custody was in the child's best interest. The impetus of Richard's argument is that Tarzetti comes from a family in which alcoholism and drug dependency prevails, and since Tarzetti now has become dependent on drugs that would be detrimental to their minor child.
The evidence preponderates that Tarzetti has faced up to her drug problem, initiated treatment and came to understand, though not easily, the therapeutic necessity of continuing treatment. The psychological evidence preponderates that she is a loving and caring mother who is able to provide for her child.
Likewise, though the trial court was aware of the possibility that as late as one week prior to trial Tarzetti may have again been involved with drugs, the record does not preponderate that Richard was better fit to provide for his child. Like Tarzetti, Richard has recently faced the problem of drug dependency and underwent intensive treatment. During the course of marriage he also exhibited violence, sometimes in the presence of his child, toward Tarzetti, bruising, and kicking her, and on at least one occasion breaking her tooth.
In face of the difficult facts presented we conclude that the trial court was in a much more favorable position to evaluate the testimony, observe the demeanor of the witnesses and make its determination regarding the best interest of the minor child.
In the closing paragraph of Tarzetti's brief she requests that we find this a *1366 frivolous appeal and award her attorney's fees. Damages and attorney's fees for frivolous appeal must be raised either in an independent appeal or in a timely answer to appellant's appeal. LSA-C.C.P. Art. 2133; Bush v. Lee, 443 So.2d 702 (La.App. 5 Cir.1983), writ denied, 446 So.2d 321 (La. 1984). Therefore, this court is precluded from considering Tarzetti's request brought for the first time in brief.
For the foregoing reasons, we affirm the trial court's judgment but remand this case for the sole purpose of allowing the records of Parkland Hospital to be sealed in this record for use as may arise. Costs of this appeal are assessed to Charles Keith Richard.
AFFIRMED AND REMANDED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.