525 So.2d 357 (1988)
Geri Vann CARNEY
v.
Yaden Jackson CARNEY.
No. 87 CW 1621.
Court of Appeal of Louisiana, First Circuit.
April 19, 1988.
*358 Pamela Baker, Baton Rouge, for plaintiff Geri Vann Carney.
Alan Fishbein, Baton Rouge, for defendant Vaden Jackson Carney.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
Geri Vann Carney Heurtin (hereinafter Mrs. Heurtin) and Vaden Jackson Carney were divorced in January, 1983. Custody of Jackson, the minor child born of the marriage, was awarded to Mrs. Heurtin. In July, 1986, Mr. Carney petitioned for change of custody. Joint custody was awarded pursuant to a plan submitted by the parties. Subsequently, Jackson allegedly began to exhibit behavioral changes. Mrs. Heurtin suggested that Mr. Carney and his present wife, the Heurtins and Jackson participate in family counseling sessions to attempt to alleviate and deal with emotional problems, if any, suffered by Jackson. The Carneys refused to participate. The Heurtins and Jackson were counselled as a family unit by Dr. Karen R. Speier, psychologist. Jackson also underwent individual psychotherapy on a continuing basis.
In May, 1987, Mrs. Heurtin petitioned for sole custody. Mr. Carney answered, filed a rule for contempt and petitioned for modification of the joint custody plan. At the custody hearing, Mrs. Heurtin called Dr. Speier to testify. Mr. Carney asserted the physician-patient privilege on behalf of Jackson and sought to exclude Dr. Speier's testimony regarding her treatment of Jackson. The trial court ruled that Dr. Speier's testimony was admissible. Carney applied to this court for supervisory writs which we granted. The issue for review is whether the co-tutor or legal representative of a minor child can assert the physician-patient (or health care provider-patient) privilege on behalf of the minor child in a child custody proceeding.

PHYSICIAN-PATIENT PRIVILEGE
The legislature has statutorily provided a qualified privilege for communications between a patient and his health care provider in civil proceedings. La.R.S. 13:3734. Dr. Speier qualifies as a "health care provider" under La.R.S. 13:3734(A)(1), and her counseling and evaluation of the child is a "communication" under La.R.S. 13:3734(A)(5). La.R.S. 13:3734(B) provides that the privilege may be raised or asserted by either the patient or the patient's authorized representative on behalf of the patient. The privilege is qualified in that it is not applicable in all civil proceedings. La. R.S. 13:3734(C) enumerates the types of civil cases in which the privilege is statutorily waived. Arsenaux v. Arsenaux, 428 So.2d 427 (La.1983). A child custody proceeding is not a proceeding enumerated in La.R.S. 13:3734(C) in which the privilege does not apply.
The best interest of the child is the primary consideration in a child custody proceeding. La.C.C. art. 146. La.C.C. art. 146 C(2) specifies the factors which a trial court must consider in determining whether joint custody is in the best interest of the child. Among the factors to be considered are: the love, affection and other emotional ties between the parent and child, La.C.C. art. 146 C(2Xa); the mental and physical health of the parties, La.C.C. art. 146 C(2)(g); and any other factor which the court deems relevant to a child custody dispute, La.C.C. art. 146 C(2)(l).
*359 La.C.C. art. 146 was held to be a legislative exception to La.R.S. 13:3734 when asserted by a parent on his/her own behalf in a child custody dispute. Gros v. Gras, 489 So.2d 1283 (La.App. 2d Cir.), writ denied, 493 So.2d 1222 (La.1986); Dawes v. Dawes, 454 So.2d 311 (La.App. 4th Cir.), writ denied, 457 So.2d 18 (La.1984).
The trial court determined that the testimony of Dr. Speier, the psychologist who treated Jackson for an extended period of time, is relevant in resolving this custody dispute. In such instances we hold that La.C.C. art. 146 is a legislative exception to and supercedes La.R.S. 13:3734 when the privilege is asserted on behalf of the minor child[1]. Consequently, a co-tutor or legal representative of the minor child may not assert the physician-patient privilege on behalf of the child who is the subject of a child custody dispute. Accordingly, the ruling of the trial court is affirmed. Costs are assessed to relator.
AFFIRMED.
NOTES
[1] We note that Wing v. wing, 393 So.2d 285 (La.App.1st Cir.1980), was decided prior to the amendment of La.C.C.art.146 by 1986 La.Acts, NO.950, § 1 which specifies the factors which a trial court must consider in determining whether joint custody is in the best interest of the child.