575 So.2d 509 (1991)
Cynthia Meyer KIRKLEY
v.
Mark Michael KIRKLEY.
No. 90-C-630.
Court of Appeal of Louisiana, Fifth Circuit.
February 14, 1991.
Writ Denied March 28, 1991.
John David Cassanova, Metairie, for defendant-appellant.
Patricia Maureen Joyce, New Orleans, for plaintiff-appellee.
Before GAUDIN, GRISBAUM and WICKER, JJ.
GRISBAUM, Judge.
This matter concerns a custody dispute wherein the mother seeks discovery of medical information which the father claims is privileged. We affirm and remand.

ISSUE
The sole issue presented is whether medical testimony is discoverable in a child custody proceeding.

FACTS AND PROCEDURAL HISTORY
Incidental to her petition for separation from her husband, Mark Michael Kirkley, Cynthia Meyer Kirkley prayed for sole custody of the couple's minor child. In response, Mr. Kirkley also prayed for sole custody, alleging Ms. Kirkley to be an unfit mother.
During discovery, Ms. Kirkley sought to depose Dr. Raoul Bezou, a physician who had treated Mr. Kirkley. At the deposition, counsel for Mr. Kirkley objected to the deposition of Dr. Bezou, claiming the testimony sought was privileged. Ms. Kirkley then filed a motion to compel discovery, arguing that any physician-patient privilege which may have existed between *510 Mr. Kirkley and Dr. Bezou was waived when Mr. Kirkley sought custody and placed the health of the parties at issue.
Following a hearing, the trial court entered a judgment ordering
that the deposition of Dr. Raoul Bezou, and the deposition of any other mental or physical health care provider, is hereby ordered and further that Mark Michael Kirkley is hereby ordered to provide Dr. Raoul Bezou, and any other mental or physical health care provider, with a release or other appropriate evidence that his privilege has been waived.
Thereafter, Mr. Kirkley applied to this Court for writs seeking a reversal of the trial court's judgment. This Court, finding the application untimely, denied writs. Mr. Kirkley then sought relief from the Louisiana Supreme Court which granted writs and remanded the matter to this Court for "briefing, argument and opinion on the merits of the physician-patient privilege issue." 567 So.2d 1109.

ANALYSIS
The Louisiana legislature has statutorily provided a qualified privilege for communication between a patient and his health care provider in civil proceedings. La.R.S. 13:3734. Under that statute, a patient has a privilege to refuse to disclose any communication made to a health care provider which enables the provider to diagnose, treat, prescribe or act for the patient except in certain instances. The statutory exceptions include a contest over a will or a conveyance by a deceased, death cases, workmen's compensation suits and personal injury actions. Additionally, jurisprudence provides that the legislature created an additional exception by virtue of its enactment of La.C.C. art. 146(C)(2)(g) which makes the mental and physical health of the parties relevant in custody matters.[1] See Carney v. Carney, 525 So.2d 357 (La. App. 1st Cir.1988), writ denied, 530 So.2d 88 (La.1988); Richard v. Tarzetti, 510 So.2d 1361 (La.App. 3d Cir.1987); Gras v. Gras, 489 So.2d 1283 (La.App. 2d Cir.1986), writ denied, 493 So.2d 1222 (La. 1986); and Dawes v. Dawes, 454 So.2d 311 (La.App. 4th Cir.1984), writ denied, 457 So.2d 18 (La.1984). As explained by our brethren of the Fourth Circuit in Dawes, supra, at 313:
the plaintiff's physical and/or mental conditions are essential elements to his action for joint custody. That is, there exists a rebuttable presumption that joint custody is in the best interest of the child. [La.] C.C.Art. 146(C). However, the presumption may be rebutted by a showing that it is not in the best interest *511 of the child. C.C.Art. 146(C)(2). In order to make such a showing, evidence may be introduced regarding the fitness of the parent to care for the child, including[,] among other factors, the moral fitness of the parties involved as well as the mental and physical health of the parties. C.C.Art. 146(C)(2)(f) and (g).
Contrary to the allegations of the ... [relator, medical testimony and] records form part of the best evidence of these issues.
The parties are still afforded adequate protection since the trial court has the power to preserve the confidentiality by sealing the records or taking testimony in chambers. Dawes, supra, at 312.
Accordingly, we find the trial court's judgment dated July 23, 1990, proper. Ergo, there was no error.
For the reasons assigned, the judgment of the trial court is hereby affirmed, and the matter is remanded for further proceedings consistent with the views expressed herein. All costs of this appeal are to be assessed against the appellant.
AFFIRMED AND REMANDED.
NOTES
[1] La.C.C. art. 146(C) states:

There shall be a rebuttable presumption that joint custody is in the best interest of a minor child.
(1) However, the parents may agree to an award of custody to one parent.
(2) The presumption in favor of joint custody may be rebutted by a showing that it is not in the best interest of the child, after consideration of evidence introduced with respect to all of the following factors:
(a) The love, affection, and other emotional ties existing between the parties involved and the child.
(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his religion or creed, if any.
(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care, and other material needs.
(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.
(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(f) The moral fitness of the parties involved.
(g) The mental and physical health of the parties involved.
(h) The home, school, and community record of the child.
(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
(j) The willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent.
(k) The distance between the respective residences of the parties.
(l) Any other factor considered by the court to be relevant to a particular child custody dispute. However, the classification of persons according to race is neither relevant nor permissible.