BYRNES, Judge.
Plaintiff-respondent Robin Caston filed a petition for damages alleging that she suffered mental anguish and embarrassment when the relator-defendant Sheldon Fernandez invaded her privacy in May of 1989 by obtaining her medical records through the wrongful issuance of a subpoena duces tecum in her contested divorce and child custody suit. Mr. Fernandez is the attorney for Ms. Caston’s husband in the divorce proceedings. Also made a defendant was the medical care provider Centers for Psychotherapy, Inc. d/b/a Westbank Center for Psychotherapy which released Ms. Caston’s records to Mr. Fernandez. The trial court denied relator’s motion for summary judgment. Relator applied to this court for supervisory writs to review that decision.
Plaintiff’s petition alleged that Mr. Fernandez caused the subpoena for Ms. Canton’s medical records to be issued “without any notice to petitioner or her counsel, as is required by law.”
The trial court has the discretion to vacate or modify a subpoena which is unreasonable or oppressive. LSA-C.C.P. art. 1354. No order or subpoena duces tecum relative to medical records shall be granted “unless the party making the request certifies that he has previously delivered to the person’s attorney_ a copy of the proposed order or subpoena duces tecum.” LSA-C.C.P. art. 1469.1. Ms. Caston’s medical records are protected as privileged communications and are normally not discoverable. LSA-R.S. 13:3734.
Ms. Caston did not waive this privilege by alleging that she is free from fault in her petition for separation. Arsenaux v. Arsenaux, 428 So.2d 427 (La.1983). However, Ms. Caston asserts in her petition that she “... is entitled to the joint legal custody of the minor child of the marriage.”
The joint custody provisions of LSA-C.C. art. 146 which specifically require the evaluation of the mental and physical health of the parents create an exception to the medical records privileges protected by LSA-R.S. 13:3734 et seq. Dawes v. Dawes, 454 So.2d 311 (La.App. 4 Cir.1984). In Dawes this Court vacated the order of the trial court which quashed the defendant’s subpoenas duces tecum and reinstated those subpoenas. By taking this action in Dawes this Court in effect held that where a party files a petition for joint custody thereby waiving the medical records privilege it is not within the discretion of the trial court to deny the other party access to that petitioner’s medical records. The compelling public policy interest in determining what is in the best interest of the child is paramount. The mental and physical health of the parties are important factors in making such a determination. Dawes, supra.
Relator filed an affidavit in connection with his motion for summary judgment averring that:
1. Ms. Caston’s medical records were obtained because they were relevant to the issue of child custody;
*1142 2. Relator did not disclose or discuss the records with any third party; and;
3. Relator turned over the medical records to Ms. Caston’s attorney within twenty-four (24) hours of their procurement.
In opposition to relator’s motion for summary judgment respondent offered no countervailing affidavits, depositions, answers to interrogatories, or admissions. Ms. Caston’s petition contains no allegation that her medical records were disclosed to any third party.
Once Ms. Caston petitioned for joint custody she waived her medical records privilege and relator had a right to subpoena those medical records. Ms. Caston has failed to raise any genuine material issue of fact or law to the contrary.
As Ms. Caston has failed to raise any genuine material reason that would prevent the discovery of her medical records, she cannot claim that she was damaged by their discovery. Therefore, she would have to show that the failure to notify her of the subpoenas as required by law in and of itself caused her damages for which she should be compensated. Her petition claims no such damages. She does not claim to have been embarrassed or to have suffered any mental anguish as a result of the manner in which the subpoenas were executed. Therefore respondent has given this Court no basis on which we could analogize respondent’s claim to those in which damages are awarded against a party with a perfectly valid claim but who chooses to assert that claim in a manner not authorized by law, e.g., by harassing a debtor in a manner prohibited the Fair Debt Collection Practices Act in an effort to collect a valid past due debt.
When relator made his motion for summary judgment supported by his affidavit, it was not sufficient for Ms. Caston to rest on the mere allegations of her petition, which she did. LSA-C.C.P. art. 967. If Ms. Caston was not in a position to present by affidavit facts essential to justify her opposition to relator’s motion for summary judgment, she should have filed an affidavit explaining that problem to the trial court which would have enabled the trial court to grant relief, if appropriate. LSA-C.C.P. art. 967. This Ms. Caston did not do. We hold that a verified petition is not an affidavit for purposes of summary judgment under LSA-C.C.P. art. 967.
For the foregoing reasons we reverse the judgment of the trial court and render summary judgment in favor of relator, Sheldon G. Fernandez.
This decision does not mean that this court intends to countenance violations of the notice requirements for subpoenas in general and subpoenas for medical records in particular just because a party may have a right to the information. Where the facts justify it, the trial court may impose discovery sanctions. Therefore, we hold that no action by Ms. Caston in these proceedings shall constitute a waiver or in any manner prejudice whatever rights she may have to pursue whatever procedural remedies or discovery sanctions she may be entitled to in her suit for separation.
REVERSED.