687 So.2d 601 (1997)
Louis CERRE
v.
Willette Bolden CERRE.
No. 96-C-2328.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1997.
*602 Cecelia F. Abadie, Law Office of Joseph R. Lahatte Jr., New Orleans, for Plaintiff.
Charles Williams, Supervising Attorney, Lana L. Leiby, Student Attorney, Tulane Law Clinic, New Orleans, for Defendant.
Before BYRNES, ARMSTRONG and JONES, JJ.
JONES, Judge.

STATEMENT OF THE CASE
Incident to divorce proceedings, plaintiff/relator, Louis Cerre, and respondent, Willette Cerre, dispute custody of their two minor children. Relator seeks sole custody, while respondent petitioned the court to be declared domiciliary parent. In preparation for the custody hearing, relator sought an order from the trial court appointing a psychologist to conduct a family evaluation pursuant to R.S. 9:331. Additionally, he sought production of respondent's medical records from Charity Hospital and Chartres-Pontchartrain Clinic concerning respondent's March, 1995, hospitalization and treatment for a mental problem. The court agreed to relator's request for a family evaluation but with regard to the respondent's medical records, the judge ordered relator to subpoena respondent's medical records from Charity Hospital and Chartres-Pontchartrain Clinic and have the institutions forward the records directly to her, for "an in camera inspection, upon completion of which a determination will be made as to disclosure to [relator]." Relator seeks this court's supervisory review of the ruling on the subpoena.

DISCUSSION
The transcript of the hearing in this matter reveals that respondent objected to the production of her medical records on the basis of relevancy.
Relator contends that because none of the material sought is protected by privilege and since respondent has not shown good cause to justify the court's restrictive order, C.C.P. art. 1426, the court abused its discretion in preempting his access to the records. Moreover, relator points out that the court can safeguard confidentiality by sealing the record, closing the hearing and/or issuing an appropriate protective order.
There is merit in relator's arguments.
C.C.P. art. 1425 provides in pertinent part:
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action....
Relator correctly cites Dawes v. Dawes, 454 So.2d 311 (La.App. 4 Cir.1984), as authority for his contention that in a custody proceeding the litigants' medical records are not protected by the doctor/patient privilege. In Dawes, the plaintiff/husband sought amendment of a prior custody order. In opposition, the defendant/wife subpoenaed the plaintiff's hospital and prescription medicine records. The plaintiff moved to quash the subpoena on the basis that the information sought was privileged. The trial court granted the plaintiff's motion to quash, and the plaintiff sought supervisory writs from that ruling. This court noted:
The hospitalization and prescription records... appear to fall within the protective confines of [R.S. 13:3734]. However, we hold that the doctor/patient privileges protected by R.S. 13:3734, et seq., are subject to the additional exception created by the subsequent enactment of the joint custody provision of C.C. art. 146[1] which specifically requires the evaluation of the mental and physical health of the parents. The trial court has the power to preserve the confidentiality of this information by the usual methods of sealing the records, taking testimony in chambers, etc. as may be done in this case.
* * * * * *603 ... the plaintiff's physical and/or mental conditions are essential elements to his action for joint custody. That is, there exists a rebuttable presumption that joint custody is in the best interest of the child. C.C. art. 146(C). However, the presumption may be rebutted by a showing that it is not in the best interest of the child. C.C. art. 146(C). In order to make such a showing, evidence may be introduced regarding the fitness of the parent to care for the child, including among other factors, the moral fitness of the parties involved as well as the mental and physical health of the parties. (citation omitted).
Moreover, C.C.P. art. 1426 provides that a party or other person from whom discovery is sought may obtain a protective order to protect the person from annoyance, embarrassment, oppression, or undue burden. Such a protective order may be fashioned to preserve the confidentiality of the information disclosed. The granting or not of a protective order and the extent of protection extended are within the discretion of the trial court; and the court of appeal will not ordinarily modify or reverse the trial court in such matters absent an abuse of the trial court's discretion. Plaquemines Parish Com'n Council v. Delta Development Co., Inc., 458 So.2d 967 (La.App. 4 Cir.1984) reversed on other grounds 472 So.2d 560 (La. 1985). However, protective orders "... like all rulings, orders, decrees and judgments issued by courts of law must be based upon record evidence. Orders of court, except in the case of authorized exparte orders, must be predicated upon evidence introduced into the record, affording ample opportunity to those affected thereby to contradict, rebut and otherwise support their position in the matter ...." Matherne v. Hannan, 534 So.2d 991 (La.App. 4 Cir.1988) writ denied 537 So.2d 1169 (La.1989) citing Economy Carpets Mfrs. & Dist., Inc., v. Better Bus. Bur. Etc., 319 So.2d 783, 786 (La.1975).
In this matter, it does not appear that respondent requested a protective order, nor is there a showing of prejudicial effect from the release of the medical records to relator. Plaquemines Parish Com'n, 472 So.2d at 565. There is nothing in the record to support the restriction of relator's access to respondent's medical records. Arguably, respondent's objection as to relevancy is a cause but not "good cause" as contemplated by C.C.P. art. 1426. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. C.C.P. art. 1422.
Accordingly, relator's writ is hereby granted and the ruling on the subpoena is set aside.
WRIT GRANTED.
ARMSTRONG, Judge, dissenting:
I would deny the writ.
NOTES
[1] C.C. art. 146 was redesignated C.C. art. 131 on authority of Acts 1990, No. 1008, § 8 and Acts 1990, No. 1009, § 10, both effective January 1, 1991.