770 So.2d 780 (2000)
BLESS HOME HEALTH AGENCY
v.
The LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS.
No. 99 CA 0936.
Court of Appeal of Louisiana, First Circuit.
May 22, 2000.
*781 James P. Doré, Amy D. Berret, Pamela R. Mascari, Baton Rouge, for Plaintiff-Appellant Bless Home Health Agency.
Mary Dozier O'Brien, Baton Rouge, for Defendant-Appellee Louisiana Department of Health and Hospitals.
Before: FOIL, WHIPPLE, and GUIDRY, JJ.
FOIL, J.
In this case, Bless Home Health Agency challenges the judgment of the trial court affirming the decision of the Louisiana Department of Health and Hospitals (DHH) to revoke Bless' home health license. For the following reasons, we affirm.

*782 FACTS & PROCEDURAL HISTORY
In February, 1996, Dr. Martha Turner filed a complaint with DHH against Bless for providing home health services to two of her patients, C.C. and Ruby Douglas, without first obtaining authorization to render such services by physician's order as required by law. Investigators from DHH were sent to Bless to survey its patient records in regards to the complaint lodged. The investigators reported that they found no references to the Douglases on the list of current admissions, discharges and agents maintained by Bless.
On March 27, 1996, Bless was notified by DHH that its license was being revoked for violations of the Minimum Standards for Licensure of Home Health Agencies. Bless filed a written request for administrative reconsideration, which relief was denied.
Thereafter, in accordance with La. R.S. 40:2116.37(B), Bless requested and was granted an administrative appeal before a three-member panel appointed by the Secretary of DHH. DHH filed a motion for summary judgment. Upon finding that there was no genuine issue of material fact, the three-member panel granted the motion. Bless filed a petition for judicial review and an ex parte motion to stay enforcement of the agency's decision with the Nineteenth Judicial District Court. The motion for stay was granted by the district court, pending final resolution of the matter by the court. The district court subsequently rendered judgment in open court lifting the stay and affirming the decision of the administrative agency. This appeal by Bless followed.

DISCUSSION
Bless asserts on appeal that summary judgment is a procedure that is not available in an administrative hearing. On the contrary, DHH argues that the use of summary judgment in administrative proceedings is proper. After reviewing the record, we need not address the propriety of using a summary proceeding in an administrative matter as we find that Bless acquiesced in its use. By letter dated April 20, 1998, the administrative law judge wrote Bless' counsel informing him that his memorandum in opposition to the motion for summary judgment was due by April 27, 1998. In the letter, the ALJ stated, "[a]s per our telephone conversation on April 17, 1998, you informed the undersigned ... that you would like to submit a memorandum and have the Motion decided on the record." Further, Bless filed stipulations of fact with the DHH Appeals Department, which facts ultimately formed the basis for the panel's ruling. Clearly, in this situation, the panel was correct in ruling on the record before it. In so finding, we shall now review the judgment rendered to determine if it is supported by the law and evidence.
Under the Administrative Procedure Act, La. R.S. 49:964(F) confines judicial review to the record established in the administrative proceeding. La. R.S. 49:964(G) allows the district court to affirm or remand the agency's decision and restricts reversal or modification of that decision to instances in which substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the *783 rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
(7) In cases covered by R.S. 15:1171 through 1177, manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
When reviewing an administrative final decision, the district court functions as an appellate court. Further, an aggrieved party may obtain review of any final judgment of the district court by appeal to the appropriate court of appeal. On review of the district court's judgment, "no deference is owed by the court of appeal to factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal." Giles v. Cain, 98-0212, p. 7 (La.App. 1 Cir. 4/19/99), 734 So.2d 109, 114; See also La. Const. art. V, § 5(C). Thus, we will review the grant of summary judgment by the administrative tribunal as we review all motions for summary judgment, de novo. Robertson v. Northshore Regional Medical Center, 97-2068, p. 5 (La.App. 1 Cir. 9/25/98), 723 So.2d 460, 463. A motion for summary judgment may be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966 B.
In support of its motion for summary judgment, DHH attached the following documents, along with a memorandum in support, to the administrative tribunal for its consideration:
1. Position paper on behalf of Bless Home Health Agency;
2. A list of stipulations agreed to by the parties;
3. A copy of the complaint filed by Dr. Turner;
4. Copies of the Douglases' medical records generated by Bless;
5. A copy of the Douglases' deposition;
6. A copy of the patient registration form for Mrs. Douglas relating to the February 23, 1996 visit to Dr. Twun-Antwi;
7. A copy of the March 27, 1996 letter from DHH informing Bless that its license was being revoked; and
8. A copy of the "Minimum Standards for Home Health Agencies."
In opposing the motion, Bless attached the following documents to its memorandum in opposition to the motion: the affidavits of Julie Blouin (director of Bless) and Andrea Buffert (director of nursing at Bless); and excerpts from the depositions of the Douglases and June Borazjani, one of the investigators sent to survey Bless' medical records.
In moving for summary judgment, DHH argued that, in Bless' stipulations, it admitted to the basic facts that DHH asserted as a basis for revocation of Bless' license. On the contrary, Bless claimed that its actions constituted a "technical violation." In ruling on the motion for summary judgment, the review panel stated that term does not apply when reviewing statutes, which are "either adhered to or violated." The panel found that Bless violated sections 9177(B)(e) and 9187(B)(1) of the minimum standards for home health agencies, which are agency rules that were promulgated in accordance with La. R.S. 40:2009.31-40, now redesignated as La. *784 R.S. 40:2116.31-40.[1] These agency rules provide as follows:
§ 9177. Revocation or Denial of Renewal of License
B. The secretary of DHH may deny an application for a license, or refuse to renew a license or revoke a license in accordance with R.S.2009.36 and 2009.37.
An agency license shall be [sic] not be renewed and/or shall be revoked for any of the following:
e. Failure of agency to protect patients/persons in the community from harmful actions of the agency employees; including, but not limited to health and safety, coercion, threat, intimidation, solicitation and harassment;
§ 9187. Patient Care Standards
B. Admission Procedure
1. Patients are to be admitted only upon the order of the patient's physician. The patient shall have the right to choose a physician and a home health agency. The home health agency shall not interfere with the patient's choice of physicians.
The pertinent parts of the revised statutes to which these minimum standards now correspond provide as follows:
§ 2116.34. Minimum standards; rules and regulations
A. The secretary of the department shall prescribe and publish minimum standards pursuant to the Administrative Procedure Act. Such standards shall include but not be limited to the following:
. . . .
(1) Requiring all such home health agencies to admit patients for skilled care only on the order of a physician. Signed physician's orders shall be obtained by the agency.
La. R.S. 40:2116.34(A)(1) (footnote omitted).
§ 2116.36. Denial, revocation or nonrenewal of license; grounds
C. A license shall be immediately denied or revoked if the department determines that the agency knowingly and willfully or through gross negligence allowed or directed actions which resulted in:
. . . .
(3) Failure to protect patients/persons in the community from harmful actions of the agency employees, including but not limited to coercion, threat, intimidation, solicitation, and harassment.
La. R.S. 40:2116.36(C)(3).
A comparison of the provisions under the current version of the statutes and the DHH rules based on the former La. R.S. 40:2009.31-40, reveals that the legislature has added the requirement that a home health agency's license can only be revoked based on proof that the agency's actions were knowing and willful or grossly negligent. Previously, only proof of the occurrence of the wrongful conduct was necessary to allow DHH to revoke an agency's license. Since the rules promulgated by DHH are not in accordance with the latest expression of legislative will, we find that DHH could only revoke Bless' license in accordance with the standards pronounced under La. R.S. 40:2116.31-40. See Killeen v. Jenkins, 98-2675, p. 4 (La.11/5/99), 752 So.2d 146, 148.
Here, the administrative tribunal specifically found that, by its own admissions, Bless provided home health services without a doctor's orders and that it failed to protect the patients from harmful actions of its employees, including "health and safety, coercion, threat, intimidation, solicitation and harassment." After reviewing all of the evidence submitted, particularly the stipulations of fact submitted by Bless, we conclude it amply demonstrates that Bless violated the applicable agency rules. The record further supports a finding that Bless knowingly and willfully or through *785 gross negligence allowed the actions that resulted in the latter violation. As such, we conclude the trial court correctly affirmed the decision of the administrative agency to revoke Bless' license.
Finally, Bless contends that the granting of DHH's motion for protective order improperly limited its right to discovery. The record shows that, in moving for a protective order, DHH sought to limit and/or to be relieved of the requirement of responding to interrogatories propounded by Bless. DHH claimed that the discovery requested was irrelevant and would be overly burdensome. It further alleged that Bless made the discovery request in reprisal to DHH's motion to strike portions of Bless' discovery, and to further prolong litigation. In the interrogatories, Bless requested that DHH list the name and address of every home health agency whose license was revoked or suspended for solicitation, and for the name and address of every home health agency for which DHH had received a complaint of solicitation. Bless' alleged purpose in requesting this discovery was to prove that DHH arbitrarily revoked its license because it is a minority-owned business. The administrative panel granted the motion for a protective order, finding that the discovery requested was overly burden-some.
La. C.C.P. art. 1426 provides that a party or other person from whom discovery is sought may obtain a protective order to protect the person from annoyance, embarrassment, oppression, or undue burden. The granting or not of a protective order and the extent of protection extended are within the discretion of the trial court; and the court of appeal will not ordinarily modify or reverse the trial court in such matters absent an abuse of the trial court's discretion. Cerre v. Cerre, 96-2328, p. 3 (La.App. 4 Cir. 1/15/97), 687 So.2d 601, 603. DHH asserted that the discovery sought would be overly burdensome. We cannot say that the administrative law judge abused her discretion in granting the protective order.

CONCLUSION
For the foregoing reasons, we affirm the summary judgment sustaining the revocation of Bless' home health license. Costs of this appeal are assessed to Bless.
AFFIRMED.
GUIDRY, J., dissents and assigns reasons.
GUIDRY, J., dissenting.
I disagree with the majority's opinion in this matter. In considering the conduct of the Bless employees involved in this matter, I do not find that Bless knowingly or willfully allowed or directed the actions of Paulette Porter. However, Bless was unmistakably negligent in failing to protect the Douglasses from solicitation by its employee, Ms. Porter. What remains to be determined is whether Bless' negligent conduct rose to the level of gross negligence. Gross negligence is defined as conduct that shows an entire, utter, complete or extreme lack of care. Mullins v. State Farm Fire and Casualty Co., 96-0629, p. 6 (La.App. 1st Cir.6/27/97), 697 So.2d 750, 754.
Bless' has consistently argued and presented evidence that the violations occurred due to an administrative error. Bless policies and procedures mandated that patients only be admitted upon physician referral and upon discovering that these policies and procedures had been violated, immediate steps were taken to terminate services to the Douglases, fire Ms. Turner and reprimand the other employees involved. Furthermore, all employees were re-trained concerning these procedures. There exists a genuine issue of material fact as to whether Bless' negligent conduct rose to the level of gross negligence. Hence, the granting of summary *786 judgment by the trial court was error.
Therefore, I respectfully dissent.
NOTES
[1] Amended and re-enacted by Acts 1995, No. 1252, § 1.