883 So.2d 1146 (2004)
Ursula BULOT, et al
v.
INTRACOASTAL TUBULAR SERVICES, INC., et al.
Frances Craft, Lee Craft, Jr., Kenneth Craft, Catherine Andersan, Delores Lewis, Lee Roy Craft, Jerome Craft and Laquita Spulock, Individually and on Behalf of Lee Craft, Jr.
v.
Intracoastal Tubular Services, Inc., et al.
Kenneth and Fanette Craft
v.
Intracoastal Tubular Services, Inc., et al.
Nos. 2004-CA-0398, 2004-CA-0399, 2004-CA-0400.
Court of Appeal of Louisiana, Fourth Circuit.
September 29, 2004.
Rehearing Denied November 3, 2004.
*1147 Stuart H. Smith, Michael G. Stag, Smith Stag, L.L.C., and Bernard L. Charbonnet, *1148 Jr., Desire' Charbonnet, Charbonnet and Charbonnet, and Harry T. Lemmon, New Orleans, LA, for Plaintiffs/Appellants.
Louis C. Woolf, Howard Jarvis, Woolf, McClane, Bright, Allen & Carpenter, PLLC, Knoxville, TN, and Glen M. Pilie', Robert N. Markle, Martin A. Stern, Adams and Reese LLP, New Orleans, LA, for Exxon Mobil Corporation.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge DENNIS R. BAGNERIS, SR., Judge DAVID S. GORBATY).
DAVID S. GORBATY, Judge.
Plaintiffs/appellants appeal a trial court judgment sustaining exceptions of res judicata and prescription filed on behalf of ExxonMobil Corporation, defendant/appellee. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY:
Plaintiff Kenneth Craft and his father, Lee Dell Craft, Sr., worked at Intracoastal Tubular Services, Inc. ("ITCO"), for many years. According to plaintiffs' brief, while working for ITCO they were exposed to radioactive materials while cleaning oilfield pipe delivered to ITCO by the various defendant oil and oilfield-related companies.

A. The Kenneth Craft Suit:
Kenneth Craft and his wife, Fanette, filed suit in 1998 against ExxonMobil[1], claiming that he was exposed to radioactive materials delivered to his employer by ExxonMobil, and that he had recently learned that this exposure was the cause of the lung injury from which he was suffering. Mr. Craft's wife, Fanette, asserted a claim for loss of consortium. Mr. Craft admits that he filed a previous lawsuit against ExxonMobil, but suggests that the cause of action alleged in the first suit was based on his exposure to chemicals, whereas the second suit was premised on an exposure to radioactive materials.
In response to the Kenneth Craft suit, ExxonMobil filed numerous exceptions, including an exception of res judicata. The exception was based on a receipt and release signed by Mr. Craft in 1995, wherein he accepted $5,000 in exchange for releasing ExxonMobil.
The trial court sustained ExxonMobil's exception of res judicata, dismissing all claims of Kenneth Craft against ExxonMobil, with prejudice.
Fanette Craft asserted a claim for loss of consortium, which she alleged arose in 1984 when her husband was diagnosed with an inflammatory lesion of the lung, which was surgically removed. In response, ExxonMobil filed an exception of prescription arguing that Fanette's claim had prescribed on the face of the petition.
The trial court sustained the exception of prescription, dismissing all of Fanette's claims against ExxonMobil, with prejudice.

B. The Frances Craft Suit:
In 1997, Frances Craft, the widow of Lee Dell Craft, Sr., filed suit in Civil District Court on behalf of herself and her seven children against ExxonMobil. The petition alleged that Lee Craft had developed lung cancer from his exposure to radiation while cleaning oilfield pipes that ExxonMobil had sent to Lee's employer for cleaning. Lee Craft died in 1986 from lung cancer. It was alleged that the family had only recently learned of their *1149 husband/father's exposure to radioactive materials while working for ITCO, and that said exposure was the cause of his death.
ExxonMobil responded to the petition by filing an exception of res judicata, based on a lawsuit previously filed in the 24th Judicial District Court by the same parties, which was dismissed on summary judgment in 1989.
The trial court sustained ExxonMobil's exception of res judicata, dismissing all claims on behalf of Frances Craft and her children against ExxonMobil, with prejudice.
This appeal followed.[2]

DISCUSSION:
In their first assignment of error, appellants argue that the trial court erred in sustaining the exceptions of res judicata because it retroactively applied the 1990 amendment to La. R.S. 13:4231. They claim that the trial court should have applied the pre-1990 law because the previously filed lawsuits, upon which ExxonMobil relies as the basis for its exception, were filed in 1985 and 1987. Therefore, the law in effect at the time the first suits were filed is applicable. We agree.
Former La. Civ.Code art. 2286 set out the elements essential to the exceptions of res judicata. The article was redesignated as La. R.S. 13:4231 by Section 7 of Act 331 of 1984, and amended by Act 521 of 1990. Section 5 of Act 521 provides that "[t]he preclusive affect and authority of a judgment rendered in an action filed before [January 1, 1991] shall be determined by the law in effect prior to January 1, 1991." Consequently, former La. Civ. Code art. 2286 governs this case. It provides as follows:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
Appellants apparently concede that the demand is between the same parties, and that the thing demanded is the same; however, they argue that because they are asserting a different cause of action than was asserted in the first lawsuit, res judicata does not apply. We will thus focus on the "cause/grounds" element.
In support of their position, appellants cite Mitchell v. Bertolla, 340 So.2d 287 (La.1976). In Mitchell, the Supreme Court interpreted the term "cause" to mean "grounds," so that a second suit was not precluded by res judicata if the "grounds" for recovery stated in the second action were different than those stated in the first.
Applying this principle to the instant lawsuits, appellants argue that they have asserted different "grounds" in each lawsuit. In Kenneth Craft's first suit, he alleged that Exxon was the manufacturer of certain chemicals, which produced and emitted harmful and irritating fumes and vapors. Kenneth Craft, as an employee of ITCO, was caused to inhale the chemical vapors and fumes. He alleged that he recently learned through medical examination that he had suffered from a chemical irritation of the lining of his bronchial system, which caused the growth of lesions *1150 and fungus. Kenneth Craft alleged that ExxonMobil was at fault both for negligence and strict liability.
In his second suit, Kenneth Craft alleges that he recently learned that a lung condition which was diagnosed in 1984 was caused by exposure to radioactive materials emitted from ExxonMobil's pipe. He averred that ExxonMobil was liable for his injuries for negligence and strict liability.
Kenneth Craft executed a receipt and release on April 11, 1988, whereby he forever discharged ExxonMobil from "any and all liability, claims, liens, remedies, debts, damages, injuries, or causes of action of whatever nature or kind which he now has or which, he, his heirs, assigns, or legal representatives may hereafter acquire. . . whether said claim be based on the claim of negligence, . . . or in tort, . . . on account of or in any way connected with the injuries sustained as aforesaid, whether now known or hereinafter discovered." The receipt and release set forth that Kenneth Craft claimed to have been exposed to certain chemicals, and/or substances, including but not limited to Corexit 7674, Corexit 7739-A and Corexit 7741.[3] Kenneth Craft warranted that he discussed his medical condition with his own physicians and was fully aware of his medical and physical condition and of the prognosis for the future. He warranted that he was aware that his condition could worsen, and that future surgery might be required. With this knowledge, he completely gave up any and all rights he had against ExxonMobil, even if his condition worsened in the future. Kenneth Craft accepted $5,000 in consideration of his release of ExxonMobil.
The doctrine of res judicata is ordinarly premised on a final judgment on the merits; however, it also applies where there is a transaction or settlement of a disputed or compromised matter that has been entered into by the parties. Ortego v. State, Dept. of Transp. and Develop., 96-1322 (La.2/25/97), 689 So.2d 1358, 1363.
The Supreme Court defined the civilian concept of cause of action within the context of a claim of res judicata as follows:
It is well-settled that the term "cause of action" as used in La. R.S. 13:4231 is a mistranslation from the French and really refers to the civil law concept of cause. "Cause in this context has been defined as `the juridical or material fact which is the basis of the right claimed, or the defense pleaded.' It is the legal obligation upon which the action is founded."

Preis v. Standard Coffee Service Co., 545 So.2d 1010, 1013 (La.1989) (citations omitted; emphasis added.)
Kenneth Craft's petition in the first lawsuit alleged negligence and strict liability on the part of ExxonMobil. His second lawsuit alleged negligence and strict liability on the part of ExxonMobil. The receipt and release signed by Kenneth Craft in consideration of $5,000 forever discharged ExxonMobil from any and all liability or claims whether based on negligence connected with the injuries sustained, whether now known or hereinafter discovered. Kenneth Craft warranted that he knew his condition could worsen based on discussions with his own physicians.[4]
We find that Kenneth Craft's second lawsuit stems from the same juridical or *1151 material facts as the first lawsuit. The legal obligation of ExxonMobil was to protect Kenneth Craft from harm. Thus, the duty owed by ExxonMobil is the same in both lawsuits. Further, it is undisputed that Kenneth Craft compromised all claims against ExxonMobil by signing the receipt and release in 1988. Accordingly, we find no error in the trial court's sustaining ExxonMobil's exception of res judicata in the Kenneth Craft suit.
Similarly, the first lawsuit filed by plaintiffs Frances Craft and her children alleged that their husband/father's death was the result of exposure at his workplace to chemicals manufactured by ExxonMobil. Plaintiffs alleged that decedent's injuries and death resulted from the fault of ExxonMobil, both for negligence and strict liability. ExxonMobil responded by filing a motion for summary judgment. The statement of undisputed material facts submitted with the motion set forth that:
1. The decedent, Lee Dell Craft, Sr., had a lifelong history of heavy cigarette consumption of greater than two packs per day.
2. On March 23, 1984, Mr. Crafty was diagnosed as having small cell or oat cell carcinoma.
3. The type of cancer that Mr. Craft was diagnosed as suffering from has been associated only with cigarette consumption.
4. Mr. Craft's diagnosing physician is not aware of any chemical that could have been the cause in fact of Mr. Craft's cancer.
5. The cancer from which Mr. Craft suffered was a consequence of social habit, not work habit.
The above facts were excerpted from the deposition of Dr. Brooks Emory, Mr. Craft's treating physician. ExxonMobil argued that because there was no dispute that the cause in fact of Mr. Craft's lung cancer was the result of his lifelong habit of heavy cigarette smoking, not chemical exposure, no liability could be assessed against ExxonMobil, and it was entitled to judgment as a matter of law. The trial court granted summary judgment, which has since become final.
In the second suit, plaintiffs again argue that defendant ExxonMobil is liable for decedent's injuries and death on theories of negligence and strict liability. As in the Kenneth Craft suit, the underlying cause of action stems from the same juridical and material facts as the first lawsuit. In both suits plaintiffs aver that ExxonMobil had a duty to warn and protect the decedent from the harm suffered. The only difference in the two suits is that plaintiffs seek to rely on different evidence to support the same legal principles. This does not state a new cause of action. Perkins v. Scaffolding Rental and Erection Serv., Inc., 568 So.2d 549 (La.1990); contra, Mitchell v. Bertolla, 340 So.2d 287 (La. 1976). Accordingly, we find no error in the judgment of the trial court sustaining ExxonMobil's exception of res judicata in the Frances Craft suit.
In their second assignment of error, plaintiffs Kenneth and Fanette Craft, argue that the trial court erred in sustaining ExxonMobil's exception of prescription on Fanette's claim of loss of consortium.
Plaintiffs' argument is based on a theory of contra non valentem. Plaintiffs claim that Fanette Craft did not possess the requisite knowledge to assert a consortium claim until she discovered her husband's injuries were caused by exposure to radioactive materials. This information was intentionally withheld by ExxonMobil from workers. However, once possessed of that *1152 knowledge, she timely filed suit within one year.
ExxonMobil counters that Fanette's claim prescribed on the face of the petition. It argues that because a loss of consortium claim is derivative of the primary victim's injuries, the claim is subject to the one-year liberative prescription for delictual actions. Kenneth first learned of his injuries in 1984, a fact admitted in the petition. Therefore, her claim filed in 1997 is prescribed.
The compensable elements of a claim for loss of consortium of a spouse include loss of love and affection, loss of companionship, loss of material services, loss of support, impairment of sexual relations, loss of aid and assistance, and loss of felicity. Choyce v. Sisters of the Incarnate Word, 25,958 (La.App.2d Cir.8/19/94), 642 So.2d 287. The loss of consortium claim stems from the injuries sustained by the spouse. See, Ferrell v. Fireman's Fund Ins. Co., 96-3028 (La.7/1/97), 696 So.2d 569, 573.
The 1997 petition states on its face that Kenneth Craft first learned of his injuries in 1984. The flaw in plaintiffs' position is that they argue they did not discover a possible, additional cause for these injuries until shortly before filing suit in 1997. Prescription begins to run from the date of injury, not from the date additional suspected causes for the injury are discovered. Accordingly, we find no error in the trial court sustaining the exception of prescription as to Fanette Craft's loss of consortium claim.
Thus, for the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED
NOTES
[1] All plaintiffs sued numerous oil companies. However, for purposes of this appeal, we will refer only to ExxonMobil, the appellee herein.
[2] The trial court also sustained ExxonMobil's exception of no cause of action to a third-party demand filed by OFS, Inc., and a partial exception of no cause of action for plaintiffs' claims for bailment and breach of contract. Those rulings have not been appealed, and have become final.
[3] These are the chemicals specifically named in the petition.
[4] We take judicial notice of the fact that Kenneth Craft's father, with whom Kenneth worked at ITCO, died of lung cancer in 1986, two years before Kenneth signed the subject receipt and release.