7 So.3d 879 (2009)
Mariangela BRUNGARDT and Maurice P. Brungardt
v.
Charles SUMMITT, Pat Glorioso, Harry Connick, and District Attorney's Office for the City of New Orleans.
No. 2008-CA-0577.
Court of Appeal of Louisiana, Fourth Circuit.
April 8, 2009.
Rehearing Denied May 6, 2009.
*881 J. Courtney Wilson, J. Courtney Wilson, Attorney at Law, Metairie, LA, for Mariangela Brungardt and Maurice Brungardt.
David A. Dalia, New Orleans, LA, for Charles Summitt.
Court Composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. McKAY, III, Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD, Judge PAUL A. BONIN.
PAUL A. BONIN, Judge.
Mr. and Mrs. Maurice Brungardt appeal the summary judgment dismissing their principal demand and granting judgment against them on the reconventional demand on liability alone in favor of Mr. Charles Summit. For the reasons which follow, we amend the judgment on the principal demand and, as amended, affirm it and we affirm the judgment on liability on the reconventional demand.

Background Facts and Proceedings
Mrs. Mariangela Brungardt first met Mr. Summit first at a job fair. According to the Brungardt petition, Mr. Summit early in the relationship "started to act inappropriately and used dirty language." Once, Mrs. Brungardt alleged, he "grabbed her by the shoulders from behind, turned her around, shoved her against a wall, made aggressive sexual advances, groped and touched her breasts and groin area, forcibly kissed her and *882 made a variety of vulgar statements to her and about her."[1]
She would continue to meet with him during the period beginning in July 1995 through February 1996. During these meetings she alleged that of Mr. Summit exposed his genitals to her, or followed her into the women's restroom, or, on the last occasion, "masturbated, grabbed [her] by her head and attempted to force her to perform oral sex." During parts of the year 1996 the petition mostly describes incidents in which she felt that Mr. Summit was following her around town.
On July 13, 1997, she circulated an anonymous leaflet in the pews of St. Louis Cathedral which stated that Mr. Summit "rapes and subjects poor defenseless women to sexual and verbal abuse ..." On July 14, 1997, she complains that a document was delivered to her home "which threatened to initiate criminal and civil prosecution against her." From then on she found herself being investigated by the domestic violence victim assistance program in the office of the District Attorney for Orleans Parish and being prosecuted in the Municipal Court of New Orleans on charges of battery against Mr. Summit. There was also contact with the Jefferson Parish Sheriff's Office about telephone calls by and to Mrs. Brungardt and Mr. Summit.
Mrs. Brungardt submitted to a peace bond in Municipal Court, requiring her to stay away from Mr. Summit. She then filed her lawsuit against Mr. Summit on September 27, 1999. He filed a reconventional demand for defamation.
The district court granted a partial summary judgment to Mr. Summit on liability alone on his defamation claim and designated the judgment as final. La. C.C.P. art. 1915(B)(1). The court also granted a summary judgment in Mr. Summit's favor and against the Brungardts on the principal demand, dismissing it without prejudice.[2] Mrs. Brungardt filed a motion for devolutive appeal and designated only portions of the record for our review.

The. Brungardts' Assignment of Error
The Brungardts argue a single error made by the trial court, which error they assert resulted in the erroneous summary judgment rulings. The issue is an evidentiary issue in the context of a motion for and opposition to summary judgment. In order to defeat summary judgment, the Brungardts only submitted a pleading styled "Plaintiffs' Affidavit/Statement of Controverted Facts," which we shall refer to as her "affidavit."
During the hearing the trial judge questioned the efficacy of the "affidavit." Counsel for Mr. Summit then argued that the "affidavit" was not in proper form or substance and that the court should not consider the "affidavit." Mrs. Brungardt had signed the "affidavit" before a notary public, who was her counsel. In her "affidavit" she refers to herself as "Mrs. Brungardt" or "the plaintiff," but never in the first person pronoun. No fact is directly set forth in her "affidavit." The factual allegations of her petition are incorporated into her affidavit by reference to them.[3]
A typical averment of her "affidavit" is "Plaintiff states that Summit is a pervert by adoption of paras. 7-18, 20-25, and 27-32 *883 of her petition." The trial judge expressed dissatisfaction with Mrs. Brungardt's contention that her indirect and inexact references and allusions to Mr. Summit's misconduct were sufficient to defeat summary judgment. Mr. Summit argued that the "affidavit" was no more than Mrs. Brungardt resting on her "mere allegations." Touro Infirmary v. Johnson, 377 So.2d 898 (La.App. 4th Cir.1979).[4]
The Brungardts argue that relying upon a verified petition would not be resting on mere allegations and that swearing to the allegations of her petition effectively lifts the allegations from "mere allegations" to facts sufficient to defeat summary judgment. Thus, they argue that Mrs. Brungardt's "affidavit" has the same force of a verified petition.
This may be true, but we have previously held "that a verified petition is not an affidavit for purposes of summary judgment under LSA-C.C.P. art. 967." Caston v. Centers for Psychotherapy, Inc., 619 So.2d 1140, 1142 (La.App. 4th Cir.1993). La. C.C.P. art. 967(A) requires that "opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."
Later we held in Kaufman v. Cleaton, 03-0452, p. 3 (La.App. 4 Cir. 10/8/03), 861 So.2d 586, 588:
The fact that the defendant's pleadings may be verified is not sufficient to meet the affidavit requirement of La. C.C.P. art. 967. [citation omitted.] The "Verifying Affidavit" filed by the defendant making the generalized assertion that "all of the allegations contained in her Answer and in her `Memorandum in Opposition to Beatrice Kaufman's Motion for Summary Judgment' are true and correct to the best of her information, knowledge, and belief," is not sufficient to meet the La. C.C.P. art. 967 requirements that summary judgment affidavits "set forth specific facts."
Therefore, the trial court did not commit any error in excluding "Plaintiffs' Affidavit/Statement of Controverted Facts" from consideration of the motion for summary judgment before it. The "affidavit" does not meet the evidentiary requirements for a submission either in support of or opposition to a summary judgment motion.

Standard of Review on Summary Judgment
"A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant." Samaha v. Rau, 07-1726, p. 2 (La.2/26/08), 977 So.2d 880, 882; La. C.C.P. art. 966. "A summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." Id. at 3-4, 977 So.2d at 882-883.
*884 A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). "Summary judgment is designed to secure the just, speedy, and inexpensive determination of every action ... The procedure is favored and shall be construed to accomplish these ends." La. C.C.P. art. 966(A)(2). The legislature, in 1997, enacted La.C.C.P. art. 966(C)(2), which further clarified the burden of proof in summary judgment proceedings, providing:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
See also Id. at p. 5, 977 So.2d at 883.
The Supreme Court in Samaha, further explained:
This amendment, which closely parallels the language of Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. At that point, the party who bears the burden or persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial. ... Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. (Emphasis added; citation omitted)
Id. p. 5, 977 So.2d at 883 (quoting Wright v. Louisiana Power & Light, 06-1181 p. 16 (La.3/9/07), 951 So.2d at 1069-1070 (citations omitted)).

Defamatory Accusation of Rape
Mrs. Brungardt admits that she circulated in the pews of St. Louis Cathedral on July 13, 1997 an anonymous leaflet or flier with the following contents:
Does [sic] the French Consulate and Bastille Day Celebration Inc. support rape and abuse against women?
Dan Summit, the man sharing the social page with you is a sick sexual maniac. He rapes and subjects poor defenseless women to sexual and verbal abuse and uses decent people and organizations like BDC to promote himself and to cover his dirty sexual games.
She had selected the cathedral on that date with the knowledge that there would be a Mass attended by Mr. Summit and about 400 of his associates in connection with the celebration of Bastille Day in New Orleans. The leaflet leaves no doubt that Mrs. Brungardt is accusing Mr. Summit of rape, which is a crime. La. R.S. 14:41 defines "rape":

*885 A. Rape is the act of anal, oral, or vaginal sexual intercourse with a male or female person committed without the person's lawful consent.
B. Emission is not necessary, and any sexual penetration, when the rape involves vaginal or anal intercourse, however slight, is insufficient to complete the crime.
C. For the purposes of this Subpart, "oral sexual intercourse" means the intentional engaging in any of the following acts with another person:
(1) The touching of the anus or genitals of the victim by the offender using the mouth or tongue of the offender.
(2) The touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim.
Mr. Summit's motion included Mrs. Brungardt's deposition testimony and his own affidavit attesting that he is "not a rapist." Her publication of this accusation, he stated under oath, "put a major strain on my marriage and the lives of our children, that almost destroyed our marriage."
In Badeaux v. Southwest Computer Bureau, Inc., 05-0612, pp. 8-9 (La.3/17/06), 929 So.2d 1211, 1218, the Louisiana Supreme Court discussed the elements of the tort of defamation:
Defamation is a tort involving an invasion of a person's interest in his reputation and good name. Costello v. Hardy, 03-1146, p. 12 (La.1/21/04), 864 So.2d 129, 139; Sassone v. Elder, 626 So.2d 345, 350 (La. 1993). Generally, to prevail in a defamation action, plaintiff must prove: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. Costello, 03-1146 at p. 12, 864 So.2d at 139. In other words, "plaintiff must prove that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages." Sassone, 626 So.2d at 350. If any one of the required elements is not sufficiently proven, the cause of action fails. Costello, 03-1146 at p. 12, 864 So.2d at 140.
The Supreme Court further explained in Costello that defamatory words can be either defamatory per se or susceptible of a defamatory meaning. The Supreme Court stated that "[w]ords which expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one's personal or professional reputation, even without considering extrinsic facts or surrounding circumstances, are considered defamatory per se." Costello v. Hardy, 03-1146, pp. 13-14 (La.1/21/04), 864 So.2d 129, 140. If publication of words that are defamatory per se is proven, the elements of falsity, malice, fault, and injury are presumed, but they can be rebutted. Id.; See also Hornot v. Cardenas, 06-1341, p. 20 (La.App. 4 Cir. 10/3/07), 968 So.2d 789, 802.
Mr. Summit properly supported his motion for summary judgment on his reconventional demand in connection with his action for defamation. Mrs. Brungardt was required to submit evidence by affidavit or otherwise rebutting at least one element of his cause of action. While truth is a defense to defamation, La. R.S. 13:3602, Mrs. Brungardt did not file any opposing affidavit that she personally knew that Mr. Summit had raped anyone, including herself.[5] Therefore, her opposition *886 did not set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967(B). The partial summary judgment granted on the reconventional demand in Mr. Summit's favor on the issue of liability to him for defamation by accusing him on July 13, 1997 of the crime of rape was correct.

Claim of Malicious Prosecution in Principal Demand
Mrs. Brungardt asserted a cause of action for malicious prosecution, related to Mr. Summit's reporting her activities to the District Attorney's office, the Jefferson Parish Sheriff's Office, and having her charged in Municipal Court. Mrs. Brungardt suggests that her malicious prosecution and related claims[6] were not against Mr. Summit or that she has abandoned them.[7]
Rather than leave any uncertainty about the matter and because Mr. Summit's motion addressed this matter, we review the summary judgment on this claim. A plaintiff, in a claim for malicious prosecution, must prove: (1) the commencement or continuance of an original criminal or civil law judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to the plaintiff. Jones v. Soileau, 448 So.2d 1268, 1271 (La.1984); Melius v. Keiffer, 07-0189, p. 7 (La.App. 4 Cir. 3/12/08), 980 So.2d 167, 173.
Mr. Summit's motion included in his affidavit the assertion that the result of the legal proceedings instituted against her is that a "Peace Bond injunction [was] entered against her, prohibiting her from harassing [him] for a period of one year." He, on the other hand, was admitted to the "District Attorney's Domestic Violence Victim's Assistance Program for help in dealing with this stalking and harassment problem." He states in his affidavit that the criterion for admission to the program *887 was that [his] life or that of [his] family was in possible danger."
Mr. Summit only needed to show on the claim of malicious prosecution that there is an absence of factual support for one element essential to Mrs. Brungardt's claim, i.e. a bona fide termination of the court proceedings in her favor. Mrs. Brungardt has failed to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial. We, therefore, conclude that summary judgment on her malicious prosecution and related claims was correct.

Claims for Assault & Battery and Intentional Infliction of Emotional Distress
Mrs. Brungardt alleged in her principal demand, as we set forth earlier, that Mr. Summit in August 1995 "grabbed her by the shoulders from behind, turned her around, shoved her against a wall, made aggressive sexual advances, groped and touched her breasts and groin area, forcibly kissed her and made a variety of vulgar statements to her and about her." On February 15, 1996, she alleges that he "masturbated, grabbed [her] by her head and attempted to force her to perform oral sex."
La. C.C. art. 2315 provides that a person may recover damages for injuries caused by a wrongful act of another. The fault concept includes the intentional tort of battery. Landry v. Bellanger, 02-1443, p. 6 (La.5/20/03), 851 So.2d 943, 949. Battery is "[a] harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact ..." Caudle v. Betts, 512 So.2d 389, 391 (La.1987); Landry, 02-1443 at p. 6, 851 So.2d at 954. The defendant's intention need not be malicious nor need it be an intention to inflict actual damage. Landry, 02-1443 at p. 6, 851 So.2d at 954. It is sufficient if the defendant intends to inflict either a harmful or offensive contact without the other's consent. Id.
In order to succeed on a battery claim, the plaintiff must prove "all prima facie elements of the tort, including lack of consent to the invasive conduct." Landry, 02-1443 at p. 6, 851 So.2d at 954. The defendant may then seek to prove lack of fault on the basis that his actions were privileged, or justified, as in self-defense. Id.
In order to recover for intentional infliction of emotional distress, a plaintiff must demonstrate (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. White v. Monsanto Company, 585 So.2d 1205, 1209 (La.1991). Merely tortious or illegal conduct does not rise to the level of extreme and outrageous. Nicholas v. Allstate Ins. Co., 99-2522 (La.8/31/00), 765 So.2d 1017.
Mr. Summit's affidavit supports his motion for summary judgment on this claim, raising the issue that the Brungardts would be unable to produce at a trial proof of facts that she had been assaulted or battered, or that her privacy had been invaded. Since Mr. Summit's motion was properly supported, Mrs. Brungardt may not "rest on the mere allegations... of [her] pleading." La. C.C.P. art. 967(B). The trial judge was correct in dismissing these claims.[8]

*888 Mr. Brungardt's Loss of Consortium Claim

Finally, Mr. and Mrs. Brungardt alleged in the principal demand that Mr. Brungardt sustained unnecessary suffering as a result of the actions of Mr. Summit and, therefore, has a claim for loss of consortium against him. A "loss of consortium claim stems from the injuries sustained by the spouse." See Ferrell v. Fireman's Fund Ins. Co., 96-3028 (La.7/1/97), 696 So.2d 569, 573. Bulot v. Intracostal Tubular Services, Inc., 04-0398, p. 9 (La. App. 4 Cir. 9/29/04), 883 So.2d 1146, 1152. As his cause of action is derivative of her cause of action, we conclude that the summary judgment dismissing this claim is also correct.

The Problematic Designated Record
While the parties have the prerogative to designate only portions of the record, we note that this has caused us some difficulty in this case. We do not have before us Mr. Summit's reconventional demand. We are uncertain whether Mr. Brungardt was named as a defendant-in-reconvention. The partial summary judgment on liability for defamation is against "the defendants," which we assume to be both Mr. and Mrs. Brungardt. Mr. Brungardt has not assigned as error his inclusion as a judgment debtor, but we are not satisfied that any evidence was introduced to establish his liability for defamation.[9] Since the reconventional demand is being remanded for a trial, we direct the district judge to consider whether Mr. Summit has failed to state a cause of action against Mr. Brungardt. La. C.C.P. art. 927(A)(5) and (B). If the trial court concludes that there is no cause of action against him, any final judgment rendered on damages should exclude him.[10]

Modification of Trial Court Judgment on the Principal Demand
"A trial court commits error by granting a dismissal without prejudice pursuant to the grant of a motion for summary judgment." Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 492.

Decree
The petition of Mr. and Mrs. Brungardt against Mr. Summit is dismissed with prejudice.
Subject to our instructions to the trial court to review the reconventional demand and consider whether Mr. Summit has stated a cause of action against Mr. Brungardt, the summary judgment rendered in Mr. Summit's favor and against Mr. and Mrs. Brungardt, on the issue of liability alone is affirmed, and the reconventional demand is remanded for a trial on damages alone.
For the foregoing reasons, we amend the judgment and, as amended, affirm and we remand to the trial court for further proceedings.
JUDGMENT AMENDED AND, AS AMENDED, AFFIRMED AND REMANDED.
ARMSTRONG, C.J., concurs.
*889 ARMSTRONG, C.J., concurs.
I respectfully concur with the result reached.
NOTES
[1] Mrs. Brungardt's counsel argues that this event is a description of a "rape".
[2] The district judge struck through the words "with prejudice" in the judgment submitted to her. La. C.C.P. art. 1673.
[3] "A statement in a pleading may be adopted by reference in a different part of the same pleading or in another pleading in the same court." La. C.C.P. art. 853.
[4] The portions of Mrs. Brungardt's deposition testimony which were filed into the appeal record do not address Mr. Summit's alleged misconduct but are restricted to Mrs. Brungardt's admissions of circulating or publishing the accusation of rape against Mr. Summit. Upon granting the summary judgment, the trial judge inquired of Mrs. Brungardt's counsel whether there was deposition testimony from her which he might offer in opposition to the summary judgment. He replied in the affirmative. The trial judge then instructed him to timely file a motion for new trial and attach the deposition testimony. The record as designated in this court does not indicate whether the plaintiffs availed themselves of a motion for new trial.
[5] Even the contents of the "affidavit" which she did file would not have established an issue of material fact about the truth or falsity of the accusation.
[6] We include in "related claims" her theory that Mr. Summit invaded her privacy by contacting the public authorities. Louisiana courts have defined the right of privacy as "the `right to be let alone' or `the right to an "inviolate personality."'" Landrum v. Bd. Of Comm'rs of Orleans Levee Dist., 95-1591, p. 14 (La.App. 4 Cir. 11/27/96), 685 So.2d 382, 392. This right embraces four different interests, each of which may be invaded in a distinct manner: (1) the appropriation of an individual's name or likeness for the use or benefit of the defendant; (2) an unreasonable intrusion by the defendant upon the plaintiff's physical solitude or seclusion; (3) publicity that unreasonably places the plaintiff in a false light before the public; and (4) unreasonable public disclosures of embarrassing private facts. Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386, 1388 (La.1979); Melder v. Sears, Roebuck and Company, 98-0939, p. 13 (La.App. 4 Cir. 3/31/99), 731 So.2d 991, 1000. Violation of the right of privacy is actionable only when a defendant's conduct is unreasonable and seriously interferes with another's privacy interest. Jaubert at 1389. It is not necessary to prove that the defendant acted with malicious intent. Id. A determination of whether the defendant's actions were reasonable is made by balancing the interests of the plaintiff in protecting his privacy from serious invasions with the defendant's interest in pursuing his course of conduct. Id. A defendant's conduct is reasonable and non-actionable, even though it may slightly invade plaintiff's privacy, if the action is properly authorized or justified by the circumstances. Parish Nat'l Bank v. Lane, 397 So.2d 1282, 1286 (La.1981).
[7] Mrs. Brungardt had initially joined the district attorney and his domestic violence victim assistance supervisor as parties defendant, and by an amending petition appears to have deleted some allegations against them. However, the designated record before us does not include a dismissal of the district attorney or the supervisor.
[8] The Brungardts' counsel agreed at oral argument that if Mrs. Brungardt's "affidavit" was properly rejected, the result was dismissal of all claims set forth in the principal demand.
[9] Were we certain that Mr. Brungardt had been named as a defendant-in-reconvention we would have evaluated Mr. Summit's motion for summary judgment and found it lacking in support that Mister Brungardt defamed him.
[10] We do not mean to preemptively determine whether the liability incurred by Mrs. Brungardt for the intentional defamation of Mr. Summit is her separate obligation or whether it is a community debt. La. C.C. arts. 2359, 2360, 2361 and 2363.