CHARLES R. JONES, Judge.
h The appellant, Northrop Grumman Ship Systems, Inc., formerly known as Avondale Industries, Inc., Avondale Shipyards, Inc., and Avondale Marine Ways Shipbuilding (“Northrop Grumman”), appeals an adverse judgment in which the district court granted summary judgment in favor of the appellees, the Falgousts[1] and Hopeman Brothers, Inc.[2] We reverse and remand.
This is an asbestos suit in which the appellees, the Falgousts alleged that Ellis Falgoust, now deceased, contracted meso-thelioma as a result of occupational expo *658 sures to asbestos while working for two subcontractors at Northrop Grumman. The defendant, cross plaintiff, and appellant, Northrop Grumman, and the cross-defendant and co-appellee, Hopeman Brothers, are among the numerous manufacturers, suppliers, employers, and premises owners named as defendants.
Mr. Ellis Falgoust was never an employee of Northrop Grumman. He worked at Northrop Grumman’s main shipyard at various times in 1965 and 1966 as an employee of Hopeman Brothers, which was a “joiner” subcontractor at |2Northrop Grumman. Mr. Falgoust’s last day of employment with Hopeman Brothers was October 22,1966.
Mr. Ellis Falgoust and his wife, Alma-rine, filed suit in Orleans Parish against the named defendants on July 25, 2000. However, Mr. Falgoust died shortly thereafter on August 17, 2000. After his death, the suit was amended to assert survival and wrongful death claims on behalf of his survivors.
In June 2002, Northrop Grumman filed a cross-claim against Hopeman Brothers for contractual defense and indemnity based on the provisions of the joiner subcontract between them. Northrop Grumman argued that pursuant to the contracts, which contained the hold harmless agreements, Hopeman Brothers was bound to fully defend and indemnify Northrop Grumman for the claims asserted by the Falgousts. Northrop Grumman’s motion for summary judgment on that cross-claim was denied in August of 2002.[3]
Some time in 2004, Hopeman Brothers settled with the Falgousts[4] and was later dismissed as a defendant in the principal demand. Hopeman Brothers thereafter remained as a party to this action only in its capacity as the cross-defendant in Northrop Grumman’s incidental action for contractual defense and indemnity.
On July 31, 2009, Hopeman Brothers and the Falgousts filed a joint motion for summary judgment on Northrop Grumman’s cross-claim against Hopeman | ^Brothers for contractual defense and indemnity. The subject of the joint motion for summary judgment was that Northrop Grumman could produce no written defense and indemnity agreement that applied specifically to the work done by Ellis Falgoust as a Hopeman Brothers’ employee at Northrop Grumman in 1965 and 1966. Hopeman Brothers and the Fal-gousts asserted that Northrop Grumman could not meet its burden of proof at trial on an essential element of its cross-claim.
In its opposition, Northrop Grumman first challenged the Falgousts’ right, interest, and standing to seek summary judgment in their own favor, or in favor of Hopeman Brothers, on a cross-claim to which they were not parties, and in which they had no interest. As to Hopeman Brothers, Northrop Grumman submitted evidentiary materials showing: (1) that Hopeman Brothers performed work on only six vessels at Northrop Grumman’s main yard while it employed Ellis Falgoust in 1965 and 1966; (2) that all of the work performed on those vessels by Hopeman Brothers was performed under Job No. C3-100, and pursuant to Purchase Order No. FE631; and (3) that Purchase Order *659 No. FE631, which constituted the contract between Hopeman Brothers and Northrop Grumman, expressly incorporated a defense and indemnity provision that obligated Hopeman Brothers to defend and indemnify Northrop Grumman against any and all claims arising out of the injury or death of anyone, including the employees of either company, even if caused by the negligence of Northrop Grumman.
14Additionally, Northrop Grumman filed a motion to strike the summary judgment motion, primarily to strike the Falgousts as movers on the motion, and to preclude the Falgousts from arguing the motion at the scheduled hearing. However, Northrop Grumman’s motion to strike with respect to the Falgousts was denied as untimely filed.[5]
Hopeman Brothers and the Falgousts replied to Northrop Grumman’s opposition, arguing that the contractual documents introduced by Northrop Grumman could not be considered by the court because they were insufficiently authenticated, were not originals, and were incomplete.
At argument on September 23, 2009, the district court granted the joint motion for summary judgment. The district court ruled that the contractual documents submitted by Northrop Grumman were inadmissible and could not be considered in opposition to the summary judgment motion because they were not sufficiently authenticated, and because they were duplicates rather than originals. A written judgment was signed on October 2, 2009. Thereafter, the trial date was continued, and discovery was reopened. The matter was set for trial on May 10, 2010.
Northrop Grumman’s devolutive appeal of the district court judgment was made final on October 9, 2009, thereby divesting the district court of jurisdiction over all matters related to the appeal. Subsequently, on October 30, 2009, Hopeman Brothers produced more than 25,000 pages of its archival business 15records, consecutively Bates numbered DCR-01 through DCR-025394, in partial response to a Notice of 1442[6] deposition of Hopeman Brothers, and subpoena duces tecum issued by Northrop Grumman in an unrelated asbestos case entitled Gwen Robert v. Garlock, Inc., et al., bearing number 68,-159 on the Civil Docket of the 29th Judicial District Court, Division C, in St. Charles Parish. In connection with that production, Hopeman Brothers executed a formal partial return on the subpoena duces te-cum in which Hopeman Brothers certified, stipulated, and admitted that the Hopeman Brothers Documents “are true and correct photographic duplicates of original documents which are authentic business records of Hopeman Brothers, Inc. within the meaning of the Louisiana Code of Evidence, and that said Hopeman Brothers Documents are admissible, and may be used for all purposes, in lieu of, and to the same extent as, the originals.”
*660 In the course of making that production, counsel for Hopeman Brothers discovered that the contractual documents submitted and relied upon by Northrop Grumman in opposing the summary judgment motion at issue in this appeal, and challenged as inadmissible by Hopeman Brothers in the district court, are, in fact, included among, and constitute part of, the authenticated Hopeman Brothers Documents produced in the Gwen Robert matter.
| fiIn view of that discovery, counsel of record[7] for Hopeman Brothers executed an affidavit formally stipulating that the contractual documents relied upon by Northrop Grumman,
[A]re authentic within the meaning of La.Code Ev. art. 901 A; are business records of Hopeman Brothers, Inc. within the meaning of La.Code Ev. art. 803(6); and are true and correct duplicates of original business records of Hopeman Brothers, Inc. that have been in existence for more than 30 years, that cannot as a practical matter now be located and produced and that may be lost or destroyed, because of the passage of time.
Hopeman Brothers and Northrop Grumman filed a joint motion in this Court seeking to supplement the record on appeal with the aforementioned documents.
In the instant appeal, Northrop Grumman raises the following assignments of error:
1. The district court erred when it granted summary judgment in favor of Hopeman Brothers on the grounds that the contractual documents adduced by Northrop Grumman in opposition to the motion were insufficiently authenticated, and were duplicates rather than originals, and were thus erroneously disregarded by the district court;
2. The district court erred when it granted summary judgment in favor of the Falgousts on a cross-claim for contractual indemnity which is not asserted against plaintiffs and to which the plaintiffs are not parties, and in which they have no demonstrated or discernable interest.

DISCUSSION

Related to the standard of review for summary judgments, this Court in Mitchell v. Villien, 2008-1470 (La.App. 4 Cir. 8/26/09), 19 So.3d 557, wrote:
Appellate courts review summary judgments de novo and utilize the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Kennedy v. Sheriff of East Baton Rouge Parish, 05-1418, pp. 25-26 (La.7/10/06), 935 So.2d 669, 686; Brungardt v. Summitt, 08-0577 at p. 5 (La.App. 4 Cir. 4/8/09), 7 So.3d 879, 883.
A court must grant a motion for summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” Kennedy, 05-1418, p. 25 (La.7/10/06) 935 So.2d 669, 686, citing La. C.C.P. art. 966(B). The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of civil actions and is now favored. La. C.C.P. art. 966(A)(2). Id., 05-1418, pp. 25-26, 935 So.2d at 686.
Pertinent to the inquiries before us regarding the allocation of burdens of *661 proof on a motion for summary judgment, La. C.C.P. art. 966(C)(2) provides:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
|8A “genuine issue” is a “triable issue,” or one on which reasonable persons could disagree. Kennedy, 05-1418 at p. 26, 935 So.2d 686-687, citing Champagne v. Ward, 03-3211, p. 5 (La.1/19/05), 893 So.2d 773, 777. “A ‘material fact’ is a fact, the existence or non-existence of which may be essential to plaintiffs cause of action under the applicable theory of recovery.” Id.
Id., 2008-1470, pp. 5-6, 19 So.3d at 562.
In its first assignment of error, Northrop Grumman argues that the motion for summary judgment was based on the premise that Hopeman Brothers and the Falgousts were asserting that there was an absence of factual support for an essential element of Northrop Grumman’s cross-claim against Hopeman Brothers — particularly, as to the existence of a contractual defense and indemnity obligation applicable to the work done by Mr. Falgoust as a Hopeman Brothers’ employee at Northrop Grumman in 1965 and 1966. See La.Code Civ. P. art. 966(C)(2). Northrop Grumman asserts that given the evidentiary submissions it made in opposition to that motion, Hopeman Brothers and the Falgousts argued only that the contractual documents submitted and relied upon by Northrop Grumman could not be considered, due to the fact that they were not sufficiently authenticated because they were not originals, and because they were incomplete.
However, Northrop Grumman now argues that the judgment of the district court should be reversed for several reasons. First, that Hopeman Brothers has acknowledged in its partial return on the subpoena duces Tecum in the Given Robert matter, and in the affidavit of its counsel of record, Kaye N. Courington, that the contractual documents produced by Northrop Grumman in opposition to the summary judgment motion in the district court, were subsequently discovered 19among the archival business records of Hopeman Brothers. Northrop Grumman asserts that the records are, in fact, authentic within the meaning of La.Code Evid. art. 901(A).[8] Second, they argue that the subject records are business records of Hopeman Brothers within the meaning of La.Code Evid. art. 803(6).[9] Therefore, Northrop *662 Grumman maintains that these documents are true and correct photographic duplicates of original documents which are business records of Hopeman Brothers that have been in existence for more than 30 years. See La.Code Evid. art. 901B(8).[10] And, these documents, as argued by Northrop Grumman, cannot now be located and produced, pursuant to La. C. Evid. art. 1004, sections (1), (3), & (5).[11] Northrop Grumman thus argues that the | mdocuments were produced by Hopeman Brothers in the Gwen Robert matter under the express stipulation that they “are admissible, and may be used for all purposes, in lieu of, and to the same extent as, the originals.”
Northrop Grumman contends that issue of authenticity could not be brought to the attention of the district court because they arose after the court was divested of jurisdiction. These documents were brought to the attention of this Court via the Joint Motion To Supplement Record on Appeal filed by Northrop Grumman and Hopeman Brothers.
Northrop Grumman argues that the Louisiana Code of Evidence provides that “[t]he requirement of authentication ... as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.” La.Code Ev. art. 901(A). The contractual documents at issue date back more than 45 years, thus *663 Northrop Grumman argues that under the Louisiana Code of Evidence, documents that have been in existence for 30 years or more at the time they are offered are sufficiently authenticated when they are in such condition as to create no suspicion concerning their authenticity, and were found in a place where they would likely be if authentic. La.Code Evid. art. 901(B)(8).
| nThus, notwithstanding, the assignments of error asserted herein, the sole issue before this Court is whether the district court properly granted summary judgment and the failure to consider documentation which has been presented to this Court via joint motion to supplement. The documents submitted to the Court of Appeal were not submitted to the district court, thus, we consider this information and filing as an attempt to secure a new hearing on the motion for summary judgment.
Our review of the record in the instant matter reveals that since the motion for summary judgment granted by the district court concerns the existence of a defense and indemnity contract between Hopeman Brothers and [Northrop Grumman], In view of the fact that the documents submitted by Northrop Grumman may create genuine issues of material fact as to the existence or nonexistence of a contractual obligation, the grant of summary judgment is vacated. “A ‘material fact’ is a fact, the existence or non-existence of which may be essential to plaintiffs cause of action under the applicable theory of recovery.” Mitchell v. Villien, 2008-1470, p. 6, (La.App. 4 Cir. 8/26/09), 19 So.3d 557, 562. With respect to the cross-claim by Northrop, the existence of the contract is material to its claim against Hopeman Brothers.
While this Court did not grant the joint motion to supplement the appeal record filed in this Court by Northrop Grumman and Hopeman Brothers, we note that La. Code Evid. art. 901, entitled Requirement of authentication or identification, provides (at paragraph A) that “admissibility is satisfied by evidence | ^sufficient to support a finding that the matter in question is what its proponent claims.” For this reason, this Court finds that the evidence deemed inadmissible by the district court — along with the documents later found by Hopeman Brothers — may in fact prove the existence of the disputed indemnity agreement. Of special concern to this Court is the fact that Hopeman Brothers signed on jointly with Northrop Grumman to supplement the appeal record with the documents that were not introduced to the district court. These documents were located by Hopeman Brothers just weeks following the district court judgment. Save for the settlement agreement reached between Hopeman Brothers and the Fal-gousts, the joint motion to supplement puts the arguments raised by the Fal-gousts in stark opposition to Hopeman Brothers’ position to jointly admit documents that may prove a contractual obligation between it and Northrop Grumman.
Finding that the documentation presented via joint motion and rejection herein may have a bearing upon whether the district court erred in granting the motion for summary judgment, we remand this matter to the district court for a contradictory hearing on what is purported to be newly discovered evidence for consideration of the motion for summary judgment, and we pretermit discussion of the remaining issues.

113DECREE

For the foregoing reasons, we reverse the district court judgment granting summary judgment in favor of Hopeman Brothers and the Falgousts, and remand the matter to the district court for a full evidentiary hearing to determine the au *664 thenticity of both the documents submitted by both Northrop Grumman and the documents subsequently discovered by Hope-man Brothers, reserving all rights of the parties herein.

REVERSED AND REMANDED

BELSOME, J., Dissents with reasons.
BONIN, J., Dissents with reasons.

. "The Falgousts” include: Mr. Falgoust (the decedent), his wife Almarine Cortez Falgoust, Vanessa Falgoust Loupe, Rosetta Falgoust Dempster, Darren Falgoust, and Aaron Fal-goust (the surviving children of Mr. Falgoust).

. Hereinafter "Hopeman Brothers.”

. Northrop Grumman’s motion for summary judgment seeking a ruling establishing the contractual obligations was based on other contractual documents which were subsequently located and submitted in opposition to Hopeman Brothers’ Motion for Summary Judgment which was granted and is the subject of this appeal.

. The record does not contain any particulars related to the settlement between the Fal-gousts and Hopeman Brothers.

. Northrop Grumman did not appeal the judgment in which the district court denied its motion to strike.

. La.C.C.P. art. 1442, entitled Deposition of an organization, provides:
A party may in his notice name as the deponent a public or private corporation or a partnership or association or governmental agency and designate with reasonable particularity the matters on which examination is requested. The organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which he will testify. The persons so designated shall testify as to matters known or reasonably available to the organization. This Article does not preclude taking a deposition by any other procedure authorized in this Chapter.

. Kaye N. Courington.

. La.Code Evid. art. 901, entitled Requirement of authentication or identification, under section “A. General provision," provides "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.”

. La.Code Evid. art. 803, entitled Hearsay exceptions, under section (6) Records of regularly conducted business activity, provides:
A memorandum, report, record, or data compilation, in any form, including but not limited to that which is stored by the use of an optical disk imaging system, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from infor *662 mation transmitted by, a person with knowledge, if made and kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make and to keep the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. This exception is inapplicable unless the recorded information was furnished to the business either by a person who was routinely acting for the business in reporting the information or in circumstances under which the statement would not be excluded by the hearsay rule. The term "business” as used in this Paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit. Public records and reports which are specifically excluded from the public records exception by Article 803(8)(b) shall not qualify as an exception to the hearsay rule under this Paragraph.

. La.Code Evid. art. 901, entitled Requirement of authentication or identification, under section (8) Ancient documents or data compilation provides:
Evidence that a document or data compilation, in any form:
(a)Is in such condition as to create no suspicion concerning its authenticity;
(b) Was in a place where it, if authentic, would likely be; and
(c) Has been in existence thirty years or more at the time it is offered.

. La.Code Evid. art. 1004, entitled Admissibility of other evidence of contents, provides in pertinent part:
The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if:
(1) Originals lost or destroyed. All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith;
[[Image here]]
(3) Original in possession of opponent. At a time when an original was under the control of the party against whom offered, he was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing, and he does not produce the original at the hearing;
[[Image here]]
(5) Impracticality of producing original. The original, because of its location, permanent fixture, or otherwise, cannot as a practical matter be produced in court; or the cost or other consideration to be incurred in securing the original is prohibitive and it appears that a copy will serve the evidentiary purpose.