NOT DESIGNATED FOR PUBLICATION

| | | |
|---|---|---|
| **CHARLES R. PRUETT** | * | **NO. 2019-C-1075** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **JOHN DOE, UNIVERSITY** | * | |
| **HEALTHCARE SYSTEM, L.C.** | | **FOURTH CIRCUIT** |
| **D/B/A** | * | |
| **TULANE UNIVERSITY** | | **STATE OF LOUISIANA** |
| **HOSPITAL AND ABC** | * * * * * * * | |
| **INSURANCE COMPANY** | | |

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2015-03103, DIVISION "J"
Honorable D. Nicole Sheppard,
* * * * * *
**JAMES F. MCKAY III**
**CHIEF JUDGE**
* * * * * *

(Court composed of Chief Judge James F. McKay III, Judge Edwin A. Lombard, Judge Dale N. Atkins)

MICHELLE D. ROBERT
JENNIFER G. AHNER
839 St. Charles Ave., Suite 200
New Orleans, Louisiana 70130
       COUNSEL FOR PLAINTIFF/RESPONDENT

BERT MILLER
STEPHEN M. PIZZO
BLUE WILLIAMS, L.L.P.
3421 N. Causeway Blvd., Suite 900
Metairie, Louisiana 70002
       COUNSEL FOR DEFENDANT/RELATOR

**WRIT GRANTED; JUDGMENT REVERSED AND RENDERED**

**APRIL 8, 2020**

JFM
EAL
DNA

The Defendant/Relator, Ariel Pravia, R.N., seeks review of a November 15, 2019 trial court ruling denying his motion for summary judgment. Mr. Pravia contends that the Plaintiff/Respondent, Charles R. Pruett would not be able to meet his burden of proving that relator was the person who sexually assaulted him while he was a patient at Tulane University Hospital and Clinic ("TUHC").

Relator argues that Respondent cannot meet his burden of proof in his sexual assault claim because absolutely no evidence has been submitted in support of his claim that Relator assaulted him, an essential element of any intentional tort claim, citing *Brungardt v. Summitt,* 2008-0577, p. 11 (La. App. 4 Cir. 4/8/09), 7 So.3d 879, 887, a sexual assault case. In *Brungardt,* this Court ruled that the plaintiffs would be unable to produce factual evidence at trial that the plaintiff had been assaulted or battered, and plaintiffs could not rest on their mere allegations in their petition, and granted defendant's motion for summary judgment. Relator contends that he is a defendant in this matter solely because Respondent claims that

1

Relator's name is the one that Respondent was given by other staff members, and not because any such evidence actually exists.

Respondent, in his deposition testimony taken on October 17, 2017, testified that there were four separate assaults by a Hispanic man. He testified that could not identify this man and did not know his name, but that he would have recognized him that day. Mr. Pruett further testified that, as to several of the alleged incidents, he was not sure if these events were even occurring as he was "in and out of consciousness" and possibly dreaming. Respondent testified that a Hispanic male nurse helped him use the telephone later during that day to call his brother, and to whom he told his allegations, was not the same Hispanic man who allegedly assaulted him. It is noteworthy that Relator testified in his deposition that it was he who assisted Respondent with his telephone call on June 8, 2014 during his shift.

Finally, Relator points out that discovery is complete and that this matter has been pending for more than four years, during which Respondent has submitted no additional evidence into the record.

In his opposition to Relator's motion for summary judgment, Respondent argued that he was given the name "Ariel" while a patient at TUHC. The name "Ariel" appears in the initial Forensic Sexual Assault Evaluation Form contained in LSU Interim Hospital/University Medical Center records. Three years later, when deposed, Respondent could not recall who gave him the name "Ariel," but it was given to him and he remembered it. Respondent argues that because one of the

nurses working on the date of the incident was named "Ariel," he should be allowed to bring the matter to trial for the trier-of-fact to determine whether Nurse Ariel Pravia was the person who assaulted him.

While there are disputes as concerning whether Respondent was assaulted while a patient at TUHC, and if so, by whom, the record does not provide conclusive proof of either an attack or the identity of the alleged attacker. A review of Respondent's deposition testimony reveals that Respondent has no such evidence to support his allegation as to Relator Pruett. As such, the Relator has adequately established that Respondent is unable to meet his burden of proof due to the absence of factual support for one or more elements essential to Respondent's claim. As such, the ruling of the trial court denying the motion for summary judgment was wrong. Respondent has had sufficient time, through discovery and depositions, to carry his case forward after years of litigation but has not done so. Accordingly, we grant Relator's writ application, and reverse the trial court's ruling denying the motion for summary judgment; we also grant summary judgment in favor of the Relator, Mr. Pravia, and dismiss the Respodent's, Mr. Pruett's action against him.

**WRIT GRANTED; JUDGMENT REVERSED AND RENDERED**